DEBORAH D. DILLEBER, Respondent, *v.* THE KNICKER-
BOCKER LIFE INSURANCE COMPANY, APPELLANT.

Defendant issued a policy of insurance upon the life of D. for the term of one year, commencing December 22, 1858, with a covenant therein that the same might be continued until the death of D., provided the insured paid the annual premium on or before December 22 in each year, and a condition that the premium must always be paid on or before the day it falls due. D. paid the first year's premium by giving his notes. He did not pay the premium for 1859 within the time limited. In April, 1860, he called at defendant's office and stated to defendant's president and general agent that he wanted to give up the policy, that he could not pay the premium. They replied: "You must not give up this policy; * * * you must keep it alive, and if you can't pay it when it becomes due, we will give you what accommodation is necessary ;" and "they agreed by having accommodations to keep it alive and carry it along." D. thereupon gave a note for the premium which became due December 22, 1859. For fifteen years thereafter he paid his premiums, sometimes by note, sometimes in cash ; seven times he paid from one to eight days after maturity. On December 24th, 1875, he tendered the premium due on December 22d, which was refused. D. died January 1, 1876. In an action upon the policy, *held*, that if the omission to pay within the time prescribed by the policy was by the consent of or in accordance with an agreement with defendant, the policy was not forfeited ; that the evidence authorized a finding that there was an agreement relating to the entire life of the policy, or until such time as defendant should give notice that the agreement must end, giving the

insured a right to pay the premiums within a reasonable time after they became due; that the officers named had authority to make the agreement; and that it might be shown by parol, notwithstanding a provision in the policy that any agreement not signed by the president and secretary and bearing the seal of the company. should be void; also, that there was a sufficient consideration to support such an agreement.

(Argued March 21, 1879; decided April 1, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of plaintiff, entered upon an order overruling exceptions and directing judgment upon a verdict.

This action was upon a policy of insurance issued upon the life of John R. Dilleber, dated December 22, 1858, and assigned to plaintiff.·

By the terms of the policy the insurance was for "the term of twelve months commencing the 22d day of December, 1858."

The policy contained this provision :

· "And it is hereby agreed that this policy may be continued in force from time to time, until the decease· of the said John R. Dilleber, provided that the insured shall duly pay, or cause to be paid, to the said company annually,. on or before the 22d day of December, in each and every year, the sum of $56.37."

Among the conditions were the following :

" 1. *The premium must always be* paid on or before the day upon which it falls due, and the party paying should be careful to obtain a receipt therefor, signed by the president and secretary, and bearing the seal of the company. According to the terms of the charter, no other receipt is binding upon the company for the continuance of a policy.

" 2. Any policy, renewal receipt, continuing a policy permit, consent to any agreement whatever, concerning insurance, not signed by the president and secretary, and bearing the seal of the company, is void."

Exceptions were ordered to be heard, at first instance, at General Term.

The further facts appear sufficiently in the opinion.

*Horace E. Deming*, for appellant.     Before the notes and checks offered in evidence could be introduced, it was necessary for plaintiff to show that an agreement between the insured and defendant to give days of grace for the payment of the premiums existed, and that the notes and checks were given in pursuance thereof.     (*Hill* v. *Syr. R. R. Co.*, 63 N. Y., 101; *Denny* v. *N. Y. C. R. R. Co.*, 5 Daly, 52, 53.)     He was also bound to show that such agreement was made by one authorized by defendant, and was based upon a good and sufficient consideration.     (*Hill* v. *Syr. R. R. Co.*, 63 N. Y., 101; *Anderson* v. *Rome R. R. Co.*, 54 id.   334.)

*Fred. H. Kellogg*, for responden .     A parol agreement, after the policy was issued, giving the insured a reasonable time to pay the premiums after they became due, was valid and binding upon defendant.     (*Howell* v. *The Knickerbocker Life Ins. Co.*, 19 N. Y., 276; 3 Robt., 232; *Trustees, etc., Brooklyn Fire Ins Co.*, 19 N. Y., 305; *Carroll* v. *Charter Oak Ins. Co.*, 10 Abb. [N. C.], 166; 40 Barb., 292; *Goit* v. *Nat. Protection Co.*, 25 Barb., 189; *Seldon* v. *Atlantic Fire and Marine Ins Co.*, 26 N. Y., 460; *Pitney* v. *Glens Falls Ins. Co.*, 61 Barb., 335; 26 id., 556; *Bodine* v. *Ex. Fire Ins. Co.*, 51 N. Y., 317.)     The president or the secretary of the company had ample authority to waive forfeiture for the non-payment of premium when due; even a general agent has sufficient authority.     (*Kolgers* v. *Guard Life Ins. Co.*, 10 Abb. Pr. [N. S.], 176–180; *Carroll* v. *Charter Oak Ins. Co.*, 10 Abb. Pr., 172; *Marcus* v. *St. Louis Mut. Life Ins. Co.*, 68 N. Y., 625; *Dean* v. *Ætna Life Ins. Co.*, 62 id., 642; 26 id., 460; *Conover* v. *Mut. Ins. Co.*, 1 Comst., 290; 51 N. Y., 117; *Leslie* v. *Wiley*, 47 id., 652; *Elwell* v. *Chamberlin*, 31 id., 611; *Pitt* v. *Berkshire Life Ins. Co.*, 100 Mass., 500.)     The consideration for the agreement of waiver (if any was necessary) was sufficient.     (*Leslie* v. *Knick. Life Ins.*, 63 N. Y., 27–31.)     The retention of the premium was a good consideration for the agreement.

(*Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y., 526–532; 62 id., 642.) Defendant was estopped from pleading or showing a forfeiture or default caused solely by its own acts. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136–164; *Brown* v. *Bowen*, 30 id., 519; *M. and T. Bk.* v. *Hazard*, 30 id., 226; 63 id., 27; *Plumb* v. *Cattaraugus Life Ins. Co.*, 18 id., 392; 7 Allen, 239; 5 Lans., 275; 2 C. B. [N. S.], 257; May on Ins., 613, 614, 433, 436; 2 Story on Cont., 976.) The terms of a policy issued by a life insurance company may be waived by the ordinary custom of its office in dealing with its patrons, and the waiver may be shown "by circumstances from which it may be inferred." (*Carroll* v. *Charter Oak*, 10 Abb. Pr. [N. S.], 172; *Kolgers* v. *Guard. Life Ins. Co.*, 10 Abb., 176; 4 id., 144; 51 N. Y., 117; *Helme* v. *Phila. Life Ins. Co.*, 61 Penn., 107; *Buckbee* v. *U. S. Ins. Ann. and Tr. Co.*, 18 Barb., 541; 26 id., 566; 35 N. H., 328; 26 Iowa, 9; 5 Cush., 273.)

Danforth, J. It was one of the conditions of insurance that the annual premium should be paid on or before the day it fell due. The appellant insists that payment was therefore a condition precedent, and as it is conceded that it was not made, they contend that the plaintiff was not entitled to recover. It is true that this omission on the part of the insured constitutes a breach of the condition, but it is also true that the act of omission is not a breach if it was by consent of the company or in consequence of an agreement with it. If the insured was informed that this condition need not be complied with, the defendant is liable in the same manner as if there had been no omission on his part.

This was in substance the plaintiff's claim upon the trial, and if the evidence warranted an inquiry by the jury as to the existence of such consent or agreement, it will then follow that there was no error in the ruling of the court upon the trial, or merit in the defendant's exceptions.

It does not appear when the policy was in fact delivered, but although it bears date December 22, 1858, it was on the

22d of January, 1859, that the insured paid the first year's premium by giving his notes payable at four and twelve months, for which a receipt was given signed "Knickerbocker Life Insurance Company by Hobart Ayers, General Agent." In April, 1860, he went to the office of the defendant and found there Hobart Ayers the general agent and Mr. Lyman the president of the defendant. He stated to them that he wanted to give up the policy, that he could not pay it, and one or both said, "You cannot, you must not give up this policy Mr. Dilleber; you must keep it alive; if you can't pay it when it becomes due we will give you what accommodation is necessary;" "and finally," the witness says, "they agreed by having accommodations to keep it alive and carry it along." Upon this occasion he gave a note for the premium which had become due December 22, 1859.

During the next fifteen years he paid his annual premiums, sometimes by note and sometimes in cash, but with no uniform regard to the day of maturity. He paid four before they became due, four on the day and seven after maturity varying therefrom one to eight days. On the morning of the 24th of December, 1875, he sent his clerk to the office of the defendant to pay the premium which became due December twenty-second, it was refused; he then went himself to the same place and again tendered it; it was refused. Soon after he was fatally shot and died on the 1st of January, 1876.

In submitting the case to the jury, the trial judge directed them to find whether the conversation with the president in April, 1860, "constituted an agreement relating to that particular time, or covered successive payments of the premium on the policy;" also saying "if you are satisfied no such agreement was made, then the policy is void; if you believe on the evidence that the agreement refers only to the renewal of that policy for that one year, it could not extend to the subsequent years, and that is the question you are to determine, in relation to that agreement of waiver.

That is the only question I have to submit to you." This was reiterated in the course of the charge, and the judge again instructed the jury at the request of defendant's counsel and in words chosen by him " unless a binding and valid agreement was made after the policy was issued giving the insured a right to pay premiums within a reasonable time after they became due by the terms of the policy, the defendant is entitled to a verdict," and the verdict in response to this charge shows that the jury found there was such an agreement. The evidence was competent for the consideration of the jury, and not insufficient to sustain the verdict. In the first place the parties representing the defendant upon that occasion were the president and general agent of the company, and must be held to have had ample authority to make such an agreement as the plaintiff relies on. In Bliss on Life Insurance (§ 275), it is said : "The company will be bound by the acts of the president and secretary performed in its office, whether such acts are in writing, or verbal, whether they make a contract, waive a forfeiture or give a consent," and so are the adjudged cases. (*Trustees First Bap. Ch.* v. *Brooklyn Fire Ins. Co.*, 19 N. Y., 305 ; S. C., 28 id., 153 ; *Howell* v. *Knickerbocker Life Ins.* 44 id., 276 ; *Marcus* v. *St. Louis Mutual Life Ins. Co.*, *Co.*, 68 id., 625 ; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 id., 27.)

In the next place it was proper to show this arrangement by parol, notwithstanding the language of the policy in regard to a writing. (*Carroll* v. *Charter Oak Insurance Co.*, 10 Abb. Pr. Reports [N. S.], 166 ; *Kolgers* v. *Guardian Life Ins. Co.*, id., 176 ; *Howell* v. *Knickerbocker Life Ins. Co.*, 44 N. Y., 285.) In consequence of it the insured yielded to the request of the officers of the defendant, consented to retain the policy, and by virtue of it the company then received his promissory note, which they afterwards collected, and for each one of fourteen years received with more or less regularity the stipulated premium upon the policy. Therefore the agreement was supported by a suffi-

cient consideration. (*Bodine* v. *Ex. Fire Insurance Co.*, 51 N. Y., 117; *Dean* v. *Ætna Life Ins. Co.*, 62 id,, 642; *Howell* v. *Knickerbocker Life Insurance Co.*, 44 id., 276.) Standing by itself it fairly permitted a conclusion that the arrangement then made related to the entire life of the policy, or until such earlier time as the defendant should notify the insured that the parol arrangement must end, and in the future the condition as written in the policy be strictly complied with. (*Trustees First Bap. Ch.* v. *Brook. F. Ins. Co.*, 28 N. Y., 153.) Indeed it is not easy to see what other inference could be drawn from it. The words of the officers of the company can hardly be limited to the payment of a premium then four months past due, or to the note given on that occasion, for that was put in suit in September next after it was given ; or to the next succeeding premium, but they apply rather to the policy as an instrument to be " kept alive " or in force from year to year nothwithstanding delay in payment of premiums. This conclusion is very much strengthened by inferences fairly to be drawn from the conduct of the parties. It may well be inferred that the company had waived a strict compliance with their written condition, and they also aid in the proper construction of the agreement of the parties made in April, 1860. Indeed the conduct of both parties from the time of that transaction seems to indicate that they regarded it as part of the arrangement of insurance, and the insured was not in fault in trusting to its continuance. The company was bound by it, and could not in good faith insist upon a strict compliance with the condition of payment until, before a premium became due, they gave the insured notice that they should exact it. Common fairness required so much. They cannot when their own interest seems to demand it, waive a condition, and after reliance upon it by the insured withdraw the waiver without notice. The arrangement proven is not unlike that conceded to have been made in the case of Howell against this defendant (44 N. Y., 283), and which was found sufficient to uphold a verdict.

The evidence was entirely uncontradicted, and we think the case was properly submitted to the jury.

The judgment should be affirmed.

All concur.

Judgment affirmed.