Okey, J.
Several grounds are relied on for tbe reversal of tbe judgment rendered in the court below, and the questions presented have been discussed at great length. Those deemed *658 of sufficient importance to call for a report will be briefly considered.
1. Where it is necessary for a traveler, in going from one place to another, to pass over the connecting lines of several railroad companies, it is competent for either company to contract with him for the transportation of himself and his baggage the whole distance, whether such lines are confined to one state or extend through several states. Connecting carriers, in such case, recognizing such contract, become the agents of the contracting carriel-, and their negligence is its negligence. And the collection, by such contracting carrier, of fare in advance for the entire journey, without an agreement as to risks, renders it liable, on receipt of the traveler’s baggage, to transport it safely to the end of the route, and there deliver it, on demand, to such owner. Schouler on Bailments, 336 ; Thompson on Carriers, 431; Lawson on Carriers, § 235 ; Hutchinson on Carriers, § 145. Of course the carrier selling such ticket may lawfully agree with the passenger that it shall not be liable except for loss or damage occurring on its own road. Ib.
2. A common carrier cannot restrict his ¿ability for loss of baggage by notice, even when such notice is brought to the knowledge of the passenger. Such restriction can only be made by agreement of the parties, and the burden is on the carrier to show such agreement. Davidson v. Graham, 2 Ohio St. 131; Graham v. Davis, 4 Ohio St. 362 ; Wilson v. Hamilton, 4 Ohio St. 722, 740 ; Welsh v. Pittsburgh, &c. R. Co., 10 Ohio St. 65 ; Cleveland, &c. R. Co. v. Curran, 19 Ohio St. 1; Cincinnati, &c. R. Co. v. Pontius, 19 Ohio St. 221; Union Express Co. v. Graham, 26 Ohio St. 595; United S. Ex. Co. v. Backman, 28 Ohio St. 144 ; Gaines v. Union T. & I. Co., 28 Ohio St. 418 ; Pittsburyh, &c. Ry. Co. v. Barrett, ante, 448. A railroad ticket is not such an agreement. 'It is simply a voucher that the person in whose possession it is, has paid his fare. The same principle applies to baggage checks. Lawson on Carriers, §§ 106, 107. An attempt by words on such ticket or check to limit the carrier’s liability for loss of baggage will be wholly unavailing, unless the carrier shows that the passenger, with knowledge of such limitation, agreed that it might *659 be made. Elsewhere the cases on this subject are not in harmony (Burke v. South E. Ry. Co., L. R. 5 C. P. Div. 1; Lawson on Carriers, 455, 460 ; Thompson on Carriers, 432, 437); but our own cases, to which reference has been made, fully support this view of the law, and such is the clear weight of authority.
3. Application for the baggage was made to the agent in charge of the baggage-room as soon as practicable after Mrs. Campbell and her friends reached Washington. What the agent said and did, with respect to the baggage, were clearly competent evidence for the plaintiffs on the trial. Morse v. Conn. River R. Co., 6 Gray, 450 ; Lane v. Boston & A. R. Co., 112 Mass. 455 ; Green v. Boston & L. R. Co., 128 Mass. 221; Dilleber v. Knickerbocker Ins. Co., 76 N. Y. 567, 572; Pierson v. Atlantic Nat. Bank, 77 N. Y. 304; Kirkstall Brew. Co. v. Furness R. Co., L. R. 9 Q. B. 468.
4. The plaintiff in error, as it was required to do, caused parts of the record to be printed, but failed to insert in such printed matter certain letters to the president of the company, written by Mr. White on behalf of plaintiffs, and the president’s replies thereto, which letters and replies were offered in evidence and incorporated in the bill of exceptions ; nor was any order of this court made or applied for exonerating the plaintiff in error from such printing. Under such circumstances, we will assume that the plaintiff in error caused to be printed all .of the record which its counsel deemed material, and hence we have determined the ease from the printed matter.
There is no error in the record to the prejudice of the plaintiff in error.

Judgment affirmed.