## Mary Ann Caine, widow, etc., v. The Farmers' and Mechanics' Life Association.

### Gen. No. 4,396.

1. TENDER—*when, not essential to recovery.* Where suit is brought upon an insurance policy and the defense interposed was that a settlement had been made, which settlement was, according to the plaintiff's claim, obtained by fraud, it is not essential to the plaintiff's right to maintain an action that a tender of the sum paid in such settlement be made; it may, upon the other hand, be retained and applied upon the total amount claimed in the suit.

2. SETTLEMENT—*what not affected by way of.* Where the amount due upon an insurance policy is admitted, a settlement for a sum less than the entire claim will not be sustained.

Action of assumpsit upon insurance policy. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge,

presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

WILLIAMS, LAWRENCE & GREEN, for appellant.

GEORGE C. GATE and R. D. ROBINSON, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellant, as widow of John Caine, deceased, sued appellee upon a policy of insurance issued by appellee to John Caine in his lifetime, whereby appellee contracted with the insured to pay his widow at his death, $2,000. As there was no trial of the cause on the merits, judgment having been rendered for appellee on the pleadings, we will only notice the questions raised by those pleadings and the court's rulings thereon, which resulted in the judgment in appellee's favor from which this appeal is prosecuted.

By its fifth plea, appellee set up that after the death of John Caine it settled with appellant, his beneficiary, for the sum of $200 and paid the same, whereby she discharged and released appellee from further liability and surrendered and released the policy of insurance. To this plea appellant replied that the settlement was procured by and through the fraud of the president of appellee. To this replication the court sustained a general demurrer and appellant, by leave of the court, filed an amended replication to said fifth plea, the substance of which was that appellant's husband was accidentally killed and that while his dead body lay in the house, appellant having no means to prepare it for burial, one Marsh, president of appellee, came to appellant professing friendship and sympathy for her, falsely and fraudulently advised her that she could not recover anything from appellee on account of the death of her husband, and that as an act of friendly good will he would on behalf of appellee, pay her $200 upon her surrendering the policy for cancellation; that said Marsh represented to appellant that he was acting for her best interest and without the authority of his company and sought no advantage of her whatever; that appellant had

no adviser and was so distracted with grief as to be unable to comprehend or protect and guard her rights; that she relied on and confided in Marsh and the statements and representations made by him implicitly in signing the written statement, cancelling and surrendering the policy, and in accepting the $200. To this replication appellee rejoined that the acceptance by appellant of $200 was in full accord, satisfaction and settlement of all claims against appellee in her favor; that said settlement was made more than a year and one half prior to the time of pleading and that appellant had never offered to return said sum to appellee and rescind the settlement. Appellant filed a sur-rejoinder and an additional sur-rejoinder to the rejoinder of appellee. In the sur-rejoinder she averred in substance that her acceptance of the $200 was obtained by fraud of appellee as set out in her replication to defendant's fifth plea, and that she has ever been and is now willing to credit said $200 upon the money due plaintiff from the defendant under the terms of the policy of insurance sued on. The additional sur-rejoinder alleged the procurement of the settlement by fraud as set out in the replication to the fifth plea and averred that as soon as she recovered from the dazed condition she was in when the settlement was procured, and consulted her attorney, she repudiated the settlement and notified appellee thereof, and that she was willing to give it credit for the $200 upon the amount due under the policy and that she has ever since and now is so ready and willing to give appellee credit for said $200. A general demurrer was sustained to the sur-rejoinder and additional sur-rejoinder whereupon appellant by leave of the court filed an additional replication to appellee's fifth plea. The additional replication set up the same matters as were set up in the amended replication and further alleged that while appellant was unconscious of the fraud practiced upon her by appellee's agent, Marsh, and while still under the influence of the shock produced by her husband's death she expended the $200 in preparing his body for burial, but immediately afterwards, as soon as she was able to collect

her thoughts and recover from her dazed condition of mind, she repudiated the settlement and so advised appellee, but on account of poverty was unable to tender back the amount received. The additional replication then averred that she was willing to give appellee credit for the $200 paid, upon the amount due her under the policy; that she has ever since been and now is without means to tender it back in cash but has ever been and is now ready and willing to give appellee credit therefor on the amount due her under the policy. To this additional replication the court sustained a general demurrer. The record was then left, so far as the defense of the settlement was concerned, with appellee's fifth plea setting up the settlement, release and discharge, appellant's amended replication thereto seeking to avoid it on the ground that it was procured through fraud and misrepresentation at a time when appellant's condition of mind was such that she was unable to understand her rights or protect herself, and appellee's rejoinder thereto to the effect that appellant had retained the $200 paid her, and not having either paid or tendered it back she was barred from repudiating it and maintaining this suit. Appellant standing by her sur-rejoinders and additional replication to appellee's fifth plea, to which demurrers were sustained, the court rendered judgment for appellee for costs. Boiled down, then, the question before us is, was appellant obliged to pay or tender back to appellee the $200 before bringing suit. She first sought to excuse her failure to do so by the facts alleged in her sur-rejoinders to appellee's rejoinder to her replication to the fifth plea. Upon the court sustaining a demurrer to them she presented the same question, perhaps a little more fully and elaborately, by her additional replication to said fifth plea, to which a demurrer was also sustained.

We are of opinion the court erred in sustaining these demurrers. By the demurrers appellee admitted that the settlement was procured by fraud, as charged by appellant, and the defense thereto was, that appellant had not paid nor tendered to appellee the money it had by false repre-

sentations and fraudulent conduct induced her to accept as a satisfaction of its liability.   Appellee contends that she was by law barred from maintaining suit so long as she retained the $200; that she cannot rescind the contract of settlement and maintain her suit while retaining the benefits of the settlement.   That is the general rule, but to it certain exceptions have been made, one of which is that where money only has been paid in settlement of a claim, a party claiming to have been induced by fraud to accept the money in settlement may, without tendering back the amount received, sue for and recover the balance he claims. The authorities are not harmonious as to the correctness of this exception, but it is supported by decisions of very respectable courts.   We do not understand from reading the authorities cited in appellee's brief that our Supreme Court has ever refused to recognize the existence of this exception.   So far as the determination of the question here involved is concerned, the case may be considered as standing with the right of appellant originally to demand and receive from appellee $2,000 confessed, and an attempt to interpose as a defense a settlement for $200 admitted to have been secured by fraud.   We think, as the question is here presented, it is not unlike the cases where it has almost universally been held that the acceptance of a less sum of money than the amount actually due cannot be held to be a satisfaction and will not extinguish the debt.   Hayes, et al., v. Massachusetts Life Ins. Co., 125 Ill. 626.

The circumstances under which appellant's sur-rejoinders and additional replication allege, and appellee by its demurrers admits this fraudulent settlement was secured, are repugnant to all sense of decency, fairness and justice, and if proven by the evidence to be true in fact, ought not to and cannot shield appellee from payment of the balance due.   This is all appellant asks.   It seems to us it could not be tolerated by the law, that appellee should be permitted, as is alleged in appellant's pleadings, to take advantage of her distracted and helpless condition, while the dead body of her husband lay in the house and she without

means to prepare it for burial, to procure a settlement for one-tenth of the amount named in the policy and then prevent the judicial determination of appellant's right to the balance, because, having spent the money to bury her dead husband, she could not pay or tender it back. To permit such a thing would be most revolting to one's sense of humanity and the principles of justice. This, however, if the law were otherwise, would not justify us in holding the rulings of the trial court to be erroneous; but the precise question here involved was before the Appellate Court for the First District in Star Accident Co. v. Sibley, 57 Ill. App. 315. In the opinion delivered by Mr. Justice Waterman it was said: "It is useless to attempt to reconcile the conflicting decisions upon the question of whether, when a release of a cause of action has been obtained by fraud, a tender back of that received for the release must be made before bringing suit to recover upon the original cause of action." After some discussion of the rules announced in the conflicting decisions the opinion concludes: "A majority of the court being of the opinion that in this state, where money only has been received in compromise and settlement of a claim, a party may, upon an allegation of fraud in procuring such settlement, sue for and receive the balance he claims, without tendering back the amount obtained as a result of the compromise, the judgment of the Circuit Court is affirmed." This case was cited and followed in Ziegler v. The Pennsylvania Co., 63 App. 410. Believing in the soundness of the conclusions of the Appellate Court above quoted, and not understanding them to be in conflict with any decision of our Supreme Court, we adopt the views expressed in the opinion in those cases as the law applicable to this case.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*