## The Farmers' & Mechanics' Life Association v. Mary Ann Caine.

### Gen. No. 4,559.

1. RELEASE—*when may be impeached at law for fraud.* A release from liability under a benefit certificate may be impeached at law for fraud in procurement.

2. DECREE IN EQUITY—*when will not bar action at law.* A decree in equity dismissing a bill upon the ground that the remedy of the complainant is at law, will not bar a subsequent action at law predicated upon the same cause of action.

3. RES JUDICATA—*when plea of, insufficient.* A plea setting up that the same cause of action has been determined against the plaintiff in an action in equity, is fatally defective which does not show that the ground upon which the case was determined was such as to conclude the plaintiff at law.

4. PREMIUM—*when fraternal benefit society estopped to deny validity of extension of time of payment of.* A fraternal benefit society is estopped to deny the validity of an extension of the time of payment of a premium upon the ground that such extension was in violation of the original contract of insurance.

Action of assumpsit. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this Court at the April term, 1905. Affirmed. Opinion filed October 25, 1905.

GEORGE C. GALE and R. D. ROBINSON, for appellant.

WILLIAMS, LAWRENCE & GREEN, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This case was before us at a former term by appeal, prosecuted by the present appellee. The judgment from which that appeal was prosecuted was rendered on the pleadings, the merits of the case not having been passed upon. We reversed that judgment and remanded the cause because of the court's ruling in sustaining demurrers to certain pleadings. Caine v. Farmers' & Mechanics' Life Ass'n, 115 Ill. App. 307. Upon the case being redocketed in the Circuit Court, that court in obedience to the views expressed by this court, overruled said demurrers and the case then pro-

ceeded to trial under the issue made upon the third plea. That plea alleged appellant was an assessment life insurance company, that it issued a policy to John Caine upon his agreeing to pay all assessments as they became due, in accordance with the by-laws of the company, that an assessment of $8.80 was due from the insured on or before July 30, 1902, but that he neglected and refused to pay the same, whereby the policy lapsed and appellant was released from liability. To this plea appellee replied that appellant waived the payment of the assessment on July 30th, and gave thirty days from that date for its payment, and that the insured died within said thirty days, on, to wit: August 17, 1902. A trial by jury resulted in a verdict and judgment for appellee, from which this appeal is prosecuted.

It is argued by appellant that the fraud set up in the additional replication to its fifth plea, which is set out in substance in our former opinion, could not be interposed in a suit at law to avoid the release, because the alleged fraud consisted of misrepresentations of collateral matters and that under the authority of Papke v. Hammond Co., 192 Ill. 631; Chicago City Ry. Co. v. Uhter, 212 Ill. 174; Hartley v. C. & A. R. R. Co., 214 Ill. 78, before there could be a recovery, resort must be had to a court of equity to impeach or set aside the release. In neither the amended replication, to which appellant rejoined, nor the additional replication to which it demurred, was it averred that the president of appellant paid appellee $200 in settlement of a liability about which there was a dispute. After setting out the distressed and dazed condition of appellee's mind on account of the accidental death of her husband, whose dead body lay in the house, she having no means to prepare it for burial, the replication avers that appellant's president told appellee the company owed her nothing, but that as an act of friendship he would make her a present of $200 if she would surrender to him the policy. We are still of opinion that under the circumstances set out in the pleadings, appellee was not obliged to resort to equity to impeach the release.

It is argued by appellant that the court erred in sustaining a demurrer to its first plea. That plea alleged that appellee at the June term, 1903, of the Knox County Circuit Court, in an action between the same parties, had filed her bill for the same cause of action as that set forth in the declaration. The plea then set out the bill in *haec verba* and concluded by averring appellant filed a general demurrer to the bill which was sustained, and appellee electing to stand by her bill, " final judgment was duly given and entered for this defendant on the same cause of action as that set forth in the declaration herein." To this plea appellee replied that the general demurrer to her bill was sustained on the ground that her remedy was at law. Appellant demurred to the replication, and the demurrer was sustained and carried back and sustained to the plea. The ruling of the court in sustaining the demurrer to the plea is assigned as error. The judgment and order of the court in sustaining the demurrer and dismissing the bill is not set out in the pleading, but the demurrer to the replication admitted its allegations to be true and if, as the replication avers, the bill was dismissed because the complainant's remedy was at law, (and appellant's counsel say in their brief they so understood the law and argued it when the demurrer was considered and passed upon), then obviously that decree would not be a bar to the prosecution of the suit at law. Richards v. L. S. & M. S. Ry. Co., 124 Ill. 516; Lundy v. Mason, 174 Ill. 505; Follett v. Brown, 114 Ill. 14. We are of opinion the plea was obnoxious to demurrer on other grounds. This suit was an action of assumpsit on the insurance policy. To the declaration it was competent for appellant to plead a settlement and release. If appellee had replied that the settlement and release were procured by fraud, then, if that question had been adjudicated in a former suit between the parties, it would have been proper to have so rejoined, but appellant could not, under proper rules of pleading, be permitted to anticipate what reply appellee would make to a plea of release or accord and satisfaction, and instead of filing that plea, file

a plea setting up matter proper for a rejoinder if appellee sought to avoid the alleged settlement for fraud. We are also of opinion the plea was defective as a plea of *res judicata* in not showing by its averments that the demurrer was sustained and the bill dismissed on some ground that concluded appellee from afterwards litigating the right to recover on the policy.

It is argued that the alleged extension of time for the payment of the July assessment being verbal, was void, because it is claimed the contract of insurance provided that it should not be changed or altered in any manner, so as to affect the rights of the association, unless the change be reduced to writing and approved by the president and secretary of the company. It has been held that such provisions are for the benefit and protection of the insurer and may be waived by it. Mutual Life Ins. Co. v. Amerman, 119 Ill. 329; Dilleber v. Knickerbocker Life Ins. Co., 76 N. Y. 567; German Ins. Co. v. Gray, 8 L. R. A. 70; Knickerbocker Life Ins. Co. v. Norton, 96 U. S. 234.

The testimony shows that on a previous occasion appellant had extended the time of payment of an assessment and accepted a note therefor. Appellee and her daughter testify that if appellant had refused to grant an extension of time when asked to do so, some two or three days before the last day for its payment, the daughter was going to get the money and pay it. If appellant did agree to extend the time of payment—and the jury found it did—and thereby caused appellee to omit making the payment at or before the time it became due by the terms of the contract, it could not be heard to insist that such agreement was void because in violation of the original contract. Gunther v. New Orleans Cotton Exchange Mutual Aid Association, 2 L. R. A. 118 and note; Appelton v. Phœnix Mutual Life Ins. Co., 47 Am. Rep. 220; Home Protection of North Alabama v. Avery, 7 Am. St. Rep. 54.

"Any agreement, declaration or course of action on the part of an insurance company which leads a party insured to honestly believe that by conforming thereto a forfeiture.

of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting on the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the contract." N. Y. Life Ins. Co. v. Eggleston, 96 U. S. 572.

On the question of whether appellant agreed to extend the time for the payment of the July assessment, the evidence was conflicting, but we are unable to say the jury was not warranted under the proof in finding such agreement was made. As to the other questions disposed of when the case was before us at a former term, we adhere to the views expressed in the opinion then filed and will not discuss them here.

The judgment is affirmed.

*Affirmed.*