J. EUGENE WHITE, AS EXECUTOR, &c., Respondent, *against* JAMES R. WHITING, Jr., AS ADMINISTRATOR, &c., Appellant.

(Decided April 1st, 1878.)

One who has performed labor and furnished material in building a bulkhead upon the land of another is not estopped from bringing an action to recover the value of the labor and material by the fact that he had previously brought an action against the same party to recover an undivided one-half interest in the bulkhead and land on which it was built, on an oral contract providing for payment in that manner, it appearing that the action was erroneously brought, the parties having subsequently agreed to waive the oral agreement for that mode of payment. The second action in such a case is not within the rule that where a party has, upon the same state of facts, two inconsistent remedies, and resorts to one with a full knowledge of his right, is therefore cut off from resorting to the other.

Where an accounting is had between two persons, embracing all the items of a particular transaction, and a balance is settled upon as the sum in which one is indebted to the other in that transaction, but the debtor refuses to make the payment unless the creditor executes a release embracing other disputed matters, the accounting is so far conclusive against the debtor in an action afterwards brought against him to recover the amount due in that transaction, as to throw upon him the onus of establishing error or mistake in the account as settled.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee to whom it had been referred to hear and determine the issue.

This action was brought by White, as executor, to recover for work done and materials furnished by George White, his testator, in building and repairing a bulkhead on the land of James R. Whiting, deceased, of whose estate the defendant was administrator, and to recover also the value of services rendered by George White to Whiting, under a street-cleaning contract which the latter had entered into with the city of New York.

The facts sufficiently appear in the opinion.

*E. M. Wight*, for appellant.

*James Crombie*, for respondent.

CHARLES P. DALY, Chief Justice.—No question is raised upon the appeal as to the finding of the referee in respect to the plaintiff's claim for services under the street-cleaning contract, or the amount found to be due for this service.

What the appellant chiefly relies upon is, that the plaintiff having brought an action in the Supreme Court during Mr. Whiting's lifetime, to compel him to convey to the plaintiff an undivided half interest in the bulkhead and the land upon which it was erected, he could not, by discontinuing that action, acquire any right to bring this action to recover for the work done, and the materials furnished in building the bulkhead. He claims that by bringing the action in the Supreme Court he made his election as to his remedy, and was estopped thereafter from resorting to any other remedy, and our attention is called to certain cases in support of this proposition.

The doctrine laid down in these cases, and which is well established, is; that where a party has his election between two inconsistent remedies, and resorts to one, with a full knowledge of his rights, he is forever cut off from resorting to the other. Thus, in *Morris* v. *Rexford* (18 N. Y. 552), where the plaintiff sold a quantity of oats, which was to be paid for in cash, and which was delivered to the purchaser, who did not pay for them when demanded; and the plaintiff

thereupon sued out a writ of replevin in the *cepit* and obtained a redelivery to him of the goods ; it was held that he could not thereafter maintain an action to recover from the purchaser the price of the oats ; that having made his election between two inconsistent remedies, and repossessed himself of the property in the action of replevin, he had, by bringing that action, disaffirmed the contract, and had thereafter no remedy upon it. And in *Rodermund* v. *Clark* (46 N. Y. 354), where the assignor of the plaintiff was the joint owner of a vessel which his co-owner, in whose name the title of the vessel stood, sold it to a third party, and the assignor of the plaintiff, who was the captain of the vessel, kept possession of her afterwards ; and when the purchaser brought an action to recover the vessel, and she was seized by the sheriff, the plaintiff's assignor gave a bond, upon which the vessel was delivered to him ; and the purchaser having afterwards libelled her as owner, in an action in the United States Court, and she was taken out of the plaintiff's assignor's possession by the marshal and delivered to the purchaser, who afterwards obtained a judgment in the action in his favor, by default, which was subsequently opened ; but the possession of the vessel was still retained by the purchaser : it was held that, upon this state of fact, the plaintiff, to whom the assignor had assigned all his interest in the vessel, and all causes of action which he had against his co-owner for selling her, could not maintain an action against the co-owner for a conversion of her, upon the ground that the plaintiff's assignor had elected his remedy by retaining possession of the vessel, and having thereby led to the action brought against him by the purchaser, was estopped and limited thereafter to his remedy for the adjudication of his rights, in the action which the purchaser had brought.

But this is a very different case. It is not a case in which the plaintiff, upon the same state of facts, had a right to elect between two inconsistent remedies, and having resorted to one, was thereafter cut off from resorting to the other. It is a case in which the second action was brought upon a different state of facts from those upon which the action was

brought, that was discontinued. It is a case in which the
first action was erroneously brought upon an oral agreement
which the same parties subsequently agreed to waive, as
would appear from Mr. Whiting's statement to Hull, that he
did not owe George White but about $30,000 for building
the bulkhead, and upon Hull's suggestion that they had
better get together, as the matter was only a computation of
accounts, and adjust it, Whiting's further remark that he was
willing to see White at any time, as it was all in document-
ary evidence. It is not, therefore, a case at all of incon-
sistent and different remedies, and the bringing of the action
in the Supreme Court, which has been discontinued, is no
bar whatever to maintaining the present action, founded, as
it is, upon a different state of facts; and the doctrine of
election in the case of inconsistent remedies in no way ap-
plies to it.

Whatever may have been the fact with regard to the
other action, whether the claim were unfounded, the con-
tract void, or afterwards waived, the plaintiff in either case
would be entitled to recover for the services he rendered and
the materials he supplied in the building of the bulkhead
upon Whiting's property. (*Baldwin* v. *Palmer*, 10 N. Y.
232.)

The building of the bulkhead on Whiting's land and its
completion of it was proved, and also that it had been in-
jured by fire, had been repaired by White, and that a de-
tailed statement in writing of the cost of these repairs,
amounting to $2,115 45, had been furnished to the defendent;
and that afterwards, in December, 1872, an accounting was
had between the administrator and White, upon the basis of
what Whiting in his lifetime referred to as the documentary
evidence which was in Whiting's possession at the time of
his death, which accounting or statement of account was
made up by the defendant's attorney, in which was included
a large number of offsets which the plaintiff agreed to allow,
and which statement, after allowing all these offsets, showed
that Whiting was indebted to White on the bulkhead
account in the sum of $19,454 67, which the defendant

agreed to pay and the plaintiff agreed to accept as a final and satisfactory adjustment upon this statement and settlement of that account. This was properly allowed in evidence. The only means of ascertaining the state of the account between Whiting and White was the documentary evidence in Whiting's possession, and left by him after his death, and was as complete and satisfactory an adjustment of the account, in connection with this transaction, as it was possible to have under the circumstances of the case, and was at the time perfectly satisfactory to the administrator himself, who would have settled them with the plaintiff if the plaintiff would have given a release of all further claims upon the estate, which was refused, and, as it appears, properly, as the plaintiffs had another claim upon another contract, the existence of which was established upon the trial by the written evidence in Whiting's books, for $762 92 for White's services in the street-cleaning contract.

What the appellant now asks us to do is to go behind this adjustment and settlement of the bulkhead transaction to show that the plaintiff was not entitled to recover the amount thus agreed upon ; and our attention is called to a great deal of evidence which the referee received, to show that the valuation per cubic foot for building the bulkhead was too high, the evidence respecting which is conflicting, and other matters to show that the amount awarded by the referee was too much. Without at all conceding that this evidence makes out what the appellant claims it does, I do not propose to go into it, as I think the accounting which was had between the parties is, within the cases, conclusive and final, except so far at least as to the extent of throwing upon the defendant the onus of establishing that there were errors or mistakes, and this, I think, he has not succeeded in doing. The referee has based his finding of what was due to the plaintiff for the erection of the bulkhead upon this settlement or adjustment between the parties, and I think he was justified in so doing. The witness Voege, when subsequently examined before the referee, had no interest that would have disqualified him from testifying.

When the objection to his competency was taken, on the ground of his interest, his testimony was stricken out on the defendant's motion. When he was again presented for examination, after his interest was shown to have been released, the objection taken was not that he was incompetent on the ground of interest, but to the competency of the testimony given by him, which is not the objection now relied upon and discussed on the appeal.

I do not think it necessary to dwell further upon the elaborate points submitted upon the appeal. Whiting had the benefit of the erection upon his land, built by George White, and afterwards, when injured, repaired by him. Whatever may have been the oral agreement made between the parties when the work was undertaken or finished, Whiting admitted during his lifetime that he was indebted to White for the work, but not to the amount claimed. The amount found by the referee is considerably less than what Whiting supposed was the extent of his indebtedness. The claims which Whiting had against White, as far as it was possible to ascertain them, and, in all probability, all that he had, has been allowed against White, and were allowed by him upon the adjustment. The estate now enjoys the benefit of White's services and the materials he furnished in the erection of a structure upon the land which now belongs to Whiting's heirs, and after deducting from this claim what White owed to Whiting, they should pay for the benefit of the structure which they now possess and enjoy. The report, which I regard as a just and equitable one between the parties, should be affirmed.

ROBINSON and LARREMORE, JJ., concurred.

Judgment affirmed.