LATHROP KINGSBURY v. JOHN KETTLE.

*Res judicata—Election of remedies.*

A husband signed his own name and that of his wife to a con-
tract for the purchase of fruit-trees, and in a suit upon the
contract, brought against him and his wife after he had given
his notes in payment for the trees, they recovered judgment
on the ground of his want of authority to sign her name to
the contract, which was the *sole* question passed upon by the
jury. And in a suit afterwards brought against the husband
on the notes it is held that the former judgment is not a bar
to the second suit; citing *Fifield v. Edwards*, 39 Mich. 264, 267.

Error to Muskegon. (Dickerman, J.) Argued February
18, 1892. Decided March 4, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*J. E. Sullivan,* for appellant.

*Ellsworth, Brown & Lovelace,* for plaintiff.

MORSE, C. J. Plaintiff recovered judgment in the
Muskegon circuit court upon two promissory notes made
by defendant. The consideration of these notes was
nursery stock, consisting of fruit-trees and bushes. Kings-
bury first took a written joint contract from John Ket-
tle and Minnie Kettle, his wife, for the purchase of this
stock, and then, upon the delivery of the trees and
bushes, received the notes of John Kettle in payment of
the same. Before the commencement of this action he
sued Mr. and Mrs. Kettle in justice's court upon the
contract, and the jury in that case brought in a verdict
of no cause of action, upon which judgment passed for

the defendants for costs. From this judgment no appeal was taken.

The points raised in this Court against the judgment upon the notes are—

1. That the suit against John and Minnie Kettle, and judgment therein, was a complete bar to the present suit.

2. That the commencement and trial of the first suit was an election of remedies which estopped plaintiff from afterwards suing upon the notes.

3. That the notes were brought into court on the first suit, and surrendered up, and this was a waiver of his right to sue upon them.

As to the last objection, it does not appear from the record that the notes were surrendered up, and they are found in the hands of plaintiff in this suit.

It appears, also, very plainly from the record, that in the first suit the cause was submitted to the jury, by the counsel upon both sides, solely upon the question of Mrs. Kettle's liability upon the order, it being agreed that plaintiff must recover against both or not at all. Minnie Kettle's name was signed to the order by her husband, and she denied his authority to do so. She was the only witness sworn for the defense in the first suit, and the only thing passed upon by the jury was whether or not she was liable upon the order. It is true, the same defense was interposed in the pleadings in the first suit as in this, to wit, that the nursery stock was worthless; but this defense was not reached by the jury, nor submitted to them. This suit against the husband and wife, under these circumstances, was no bar to the present suit; nor was there any estoppel growing out of the commencement and trial of such suit, as claimed in the second point made by defendant's counsel.

We think that both the first and second objections to

this judgment are clearly disposed of by the case of *Fifield v. Edwards,* 39 Mich. 264, 267.

The judgment is affirmed, with costs.

The other Justices concurred.