## CLAUDE B. GARRETT

*v.*

## THE JOHN V. FARWELL COMPANY.

*Opinion filed October 25, 1902—Rehearing denied December 9, 1902.*

1. ACTIONS AND DEFENSES—*when an election of remedies for injury caused by fraud is not binding.* An election of remedies made because of the misrepresentation or fraud of the defendant is not binding upon the plaintiff, and if the evidence as to such fraud or misrepresentation is conflicting, the plaintiff has a right to have the question submitted to a jury.

2. SAME—*when institution of suit is not a waiver.* The institution of suit is not a waiver of rights inconsistent with its maintenance, if the court has no jurisdiction or the suit is prematurely brought and defeated for that reason, or if the suitor has mistaken his remedy, or the action is begun in ignorance of material facts which proffer an alternative remedy, the knowledge of which is essential to an intelligent choice of procedure.

3. SAME—*when party is not precluded from maintaining interplea in attachment.* If one exchanges his farm for a stock of merchandise and goes into possession of the same in good faith, and the stock is seized under a writ of attachment by a creditor of the former owner, who represents that he has a valid chattel mortgage thereon, the filing of a bill to have the conveyance of the farm set aside upon the ground that the owner of the stock of goods had misrepresented the stock as free of encumbrance does not preclude the maintaining of an interplea in the attachment suit, where the chancery suit is dismissed as soon as the complainant learns that the mortgage is invalid as to him and is not a lien on the stock.

*Garrett* v. *John V. Farwell Co.* 102 Ill. App. 31, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

The appellant, on Saturday, the 10th day of December, 1898, exchanged a farm of 280 acres, located in the State of Indiana, for a stock of merchandise belonging to Day & Co. of Chicago, situated in a store building located at 312-314 West Sixty-third street, in said city.

Appellant took possession of the stock on the evening
of said day, and on the following Monday morning com-
menced packing the same prior to its removal to La-
Porte, Indiana, his home.   At about two o'clock in the
afternoon of that day the attorney of appellee entered
the store building, in company with a deputy sheriff and
four men, and seized said stock of merchandise upon an
attachment writ sued out by the appellee against Day
& Co., closed up the building and placed the stock of
merchandise in the hands of a custodian.   At the time
of the seizure of the stock upon the writ of attachment
the attorney of appellee stated to the appellant that the
appellee had a chattel mortgage upon the stock of mer-
chandise, and the testimony of the appellant shows that
he stated the amount thereof was $9000.   He also stated
Day & Co. owed the appellee about $1500 upon open ac-
count.   Appellant, at the time the exchange was con-
summated, had delivered to Day & Co. a warranty deed
for the farm, subject to an encumbrance of $2000.   The
attorney of appellee stated to the appellant that Day
& Co. was attempting to swindle him or the appellee,
and asked appellant whether he intended to try to hold
the stock of merchandise or to recover back his farm,
and stated to him his firm could be of assistance to him
in case he sought to recover back his farm.   The appel-
lant, in reply to the inquiry of appellee's attorney, stated
he would try to hold the farm.   That evening he wired
his attorney in Indiana to file a *lis pendens* notice to pre-
vent Day & Co. from conveying the land, which was filed
before the deed to Day & Co. was recorded.   He also filed
a bill in chancery on the following day in the circuit
court of Jasper county, State of Indiana, to recover the
land, and on the following day served a notice upon Day
& Co., in which he demanded a re-conveyance of the farm
and offered to surrender to them his right and title to
the stock of merchandise.   This notice stated that the
stock of merchandise had been seized by attachment and

had been taken possession of by the mortgagee in a certain chattel mortgage executed by Day & Co., and that in the event of Day & Co. refusing to re-convey, the appellant would endeavor by all lawful means to save said stock of merchandise from said claims, and that he would hold said Day & Co. responsible for all loss occasioned to him thereby. On the next day, which was the 15th day of December, the appellant filed his interplea in this case. On the following day the appellant amended his bill in the Indiana circuit court. On January 2, 1899, he filed an affidavit of the non-residence of Day & Co., in order to secure service by publication upon them. A demurrer to the bill of appellant having been overruled, on January 7 Day & Co. filed an answer in the Indiana circuit court, in which it was averred that the chattel mortgage had expired and was void as to appellant, and as against him constituted no lien on said stock of merchandise. The case was set for trial for January 16, but by stipulation of the parties was continued until the following March term. On April 28, 1899, the bill was dismissed by appellant without prejudice. There have been four trials before a jury upon the interplea of the appellant, and on the last trial the court gave a peremptory instruction in favor of the appellee and rendered judgment against the appellant, which judgment has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court.

PHELPS & CLELAND, for appellant.

HORACE KENT TENNEY, and CHARLES F. HARDING, (FRANK H. SCOTT, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The important question presented in this case for our decision is, did the trial court err in instructing the jury to find for the appellee? That the appellant exchanged

his farm to Day & Co. for said stock of merchandise in
the utmost good faith, without notice of the chattel mort-
gage of appellee, and that he was in possession of the
stock of merchandise at the time it was seized by ap-
pellee, cannot be questioned upon the evidence in this
record. Neither can it be gainsaid that the chattel mort-
gage of appellee, as to appellant, was void at the time
of the seizure of the stock of merchandise thereunder,
as it had several weeks before such seizure expired, and
was upon a changing stock of merchandise. The title of
appellant, therefore, to said stock of merchandise at the
time of its seizure by appellee was perfect, and he law-
fully had the right to hold the same against Day & Co.
or the appellee, as the mortgagee or attaching creditor
of Day & Co. This is not denied by appellee, but it is
insisted the appellant had two remedies when the stock
of merchandise was seized by it, viz.: to confirm the
sale and hold the stock of merchandise, or to repudiate
the sale and recover the land from Day & Co.; that said
remedies were inconsistent with each other, and that he
must immediately elect which he would pursue; that he
could not pursue them both at the same time, and that
he had elected to rescind the sale and recover the land
by commencing the proceeding in the circuit court of
Jasper county, Indiana, and that having made his elec-
tion of remedies he is bound thereby, and cannot recover
in this case even though his suit necessarily failed in In-
diana, and that the court therefore properly instructed
the jury to find in favor of appellee. We do not agree
with such contention for two reasons:

*First*—The evidence of appellant, taken alone, clearly
shows that at the time the stock was seized the attorney
of appellee represented to him that the appellee had a
valid chattel mortgage upon the property for the sum
of $9000, when in truth and in fact the mortgage which
the appellee held upon the stock of merchandise had all
been paid by Day & Co. but $1500, and had expired and

was not a lien, as against appellant, upon said stock of merchandise at the time of its seizure by appellee, and that the appellant was induced to commence the proceeding in Indiana to annul the exchange and recover the farm by reason of the false representations of the representative of appellee, made with a view to induce him to abandon the sale and attempt to recover the land. An election of remedies obtained by misrepresentation and fraud is not binding, (*Butler* v. *Hildreth,* 5 Metc. 49,) and as the evidence was conflicting upon that issue it should have been submitted to the jury. Neither can it be said, as a matter of law, that the appellant had condoned the fraud, if any, practiced upon him, and that he had ratified his election of remedies after he had obtained a full knowledge of all the facts, as, so far as this record shows, the first notice he had that the mortgage was invalid, was only for $1500 and did not defeat his title, was when he received such notice from the answer of Day & Co., filed in the Indiana suit. After that answer was filed no steps were taken in the case by appellant which in any way affected the rights of appellee, and at the next term of court it was dismissed without prejudice. (*Flower* v. *Brumbach,* 131 Ill. 646; *Johnson-Brinkman Commission Co.* v. *Missouri Pacific Railway Co.* 126 Mo. 344; 47 Am. St. Rep. 675; *Equitable Co-operative Foundry Co.* v. *Hersee,* 33 Hun, 169.) In the latter case it was held that when the plaintiff had instituted a suit in affirmance of a contract but had dismissed the same before judgment and before having derived any benefit therefrom, and which had inflicted no injury upon the defendant, such action did not constitute an absolute election of inconsistent remedies, whereby plaintiff was afterwards precluded from prosecuting a new suit upon another and inconsistent remedy. In the *Johnson-Brinkman Commission Co. case* it was held an attachment suit brought by a vendor of personal property against his vendee, if dismissed before final judgment, does not estop him from

subsequently maintaining an action of replevin to recover the chattels, in the absence of any intervening rights, injury or change of position by reason of the attachment; and in the *Flower case* it was said (p. 651): "The circumstance of a party having elected one of several remedies by action will not, in general, preclude him from abandoning such suit, and after having duly discontinued it he may adopt any other remedy."

*Secondly*—The institution of a suit will not be held such a decisive act as to constitute a waiver of rights which would be inconsistent with the maintenance of such suit, (1) if the court in which the first action is brought has no jurisdiction to try the cause; (2) if the cause of action is prematurely brought and is defeated for that reason; (3) if the suitor has in his first action mistaken his remedy and is defeated on that ground; or (4) if an action is commenced in ignorance of material facts which proffer an alternative remedy, the knowledge of which is essential to an intelligent choice of procedure.  7 Ency. of Pl. & Pr. p. 365; *Enterprise Soap Works* v. *Sayers*, 51 Mo. App. 310; *New England Bank* v. *Lewis*, 8 Pick. 113; *Edgewood Distilling Co.* v. *Shannon*, 60 Ark. 133; *Bunch* v. *Grave*, 111 Ind. 351; *Smith* v. *Bricker*, 86 Iowa, 285; *Kingsbury* v. *Kettle*, 90 Mich. 476; *McLaughlin* v. *Austin*, 104 id. 489; *In re Van Norman*, 41 Minn. 494; *Gould* v. *Blodgett*, 61 N. H. 115; *White* v. *Whiting*, 8 Daly, 23; *Bowdish* v. *Page*, 41 Hun, 170; *Wells* v. *Robinson*, 13 Cal. 133; *King* v. *Lagrange*, 50 id. 328; *Mankin* v. *Mankin*, 91 Iowa, 406; *McNutt* v. *Hilkins*, 80 Hun, 235.

The bill filed in the State of Indiana was based upon the theory that Day & Co. had conveyed the stock of merchandise to the appellant and warranted it to be free and clear of all encumbrances, when, as they well knew, it was encumbered by a valid chattel mortgage given by them to the appellee; that by virtue of said chattel mortgage the stock of merchandise had been seized and taken from his possession by appellee, and that the considera-

tion for the exchange of the farm had failed and he was entitled to a re-conveyance thereof. In order to maintain such bill it was necessary that the appellant show that said stock of merchandise was encumbered by said chattel mortgage and that it was a valid and subsisting lien upon the stock of merchandise as against him, and that the title thereto had failed by reason of a seizure thereof by the appellee under said chattel mortgage. This proof the appellant could not make, as the chattel mortgage, as against him, was not a lien upon the stock of merchandise. He must therefore necessarily fail in the Indiana suit brought to recover the land. He had in that suit, therefore, mistaken his remedy, and the bringing of such suit did not bar his right to file and maintain his interplea in the attachment suit.

In *McLaughlin* v. *Austin, supra,* it is said (p. 491): "No rule is better settled than the proposition that one having the choice of two inconsistent remedies is bound by an election, and that suit brought upon one precludes a subsequent resort to the other claim. Thus, one may waive a tort by bringing an action in assumpsit, or may lose his right to bring assumpsit by commencing an action for the wrong committed. One may sometimes rescind a contract and assert title to property that he has parted with, or he may affirm the contract, but he cannot do both. Having elected by bringing an action upon one theory, he has no right afterwards to sue upon the other. (*Thompson* v. *Howard,* 31 Mich. 312, and cases cited; *Brown* v. *Littlefield,* 11 Wend. 467; 1 id. 398; *Morris* v. *Rexford,* 18 N. Y. 557; *McElroy* v. *Mancius,* 13 Johns. 121; *Sanger* v. *Wood,* 3 Johns. Ch. 416.) This rule is not inconsistent with the practice of bringing a second and different action where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected. There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims

merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had."

In *Bunch* v. *Grave, supra,* it is held: "She (the plaintiff) is not in the situation of a party who, having two inconsistent remedies, resorts to one, and is thereby concluded by her election. She had but one effectual legal or equitable remedy, and that was to have it adjudged that the decrees held by Grave were satisfied."

In *McNutt* v. *Hilkins,* 80 Hun, 235, the plaintiff brought her action to recover for the purchase price of certain horses sold to the defendants. To this action the defendants pleaded that the plaintiff had theretofore brought an action for the conversion of such horses, alleging that the defendants, having obtained possession of the horses, had converted the same to their own use, and that upon the trial of such action a judgment had been rendered in favor of the defendants, and therefore the plaintiff was not entitled to another action. The court said: "Under such condition of facts I do not think it can be said that the plaintiff has made an election of remedies; she simply made a mistake as to what her remedy was. There being an absolute sale and passage of the title to the defendants, she, of course, could not maintain an action against them for conversion. The mere bringing of a former action upon the same state of facts does not necessarily preclude a party from bringing the second. The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the right he really possesses."

We are of the opinion the court erred in peremptorily instructing the jury to find for the appellee. The judgments of the Appellate and circuit courts will therefore be reversed and the cause remanded to the circuit court for a new trial.     *Reversed and remanded.*