## Edward Fisher, et al. v. H. M. Brown.

### Gen. No. 11,004.

1. REMEDIES—*where sale of personal property is induced by fraud.* Where a person is by fraud induced to make a sale of personal property, he may elect to disaffirm the sale and recover the goods, or to affirm the sale and, when the period of credit expires, sue for the agreed price.

2. ELECTION OF REMEDIES—*when an, is complete.* Where a person having a right to elect between the remedy by replevin and that afforded by assumpsit, adopts the former, takes the property involved, or a portion thereof, pursuant to his writ, and retains the same, his election is complete and he cannot thereafter maintain assumpsit. (Stier v. Harms, 152 Ill. 476, distinguished.)

3. ELECTION OF REMEDIES—*effect of.* Where a plaintiff has elected to pursue replevin, has taken a portion of the goods claimed and retained them, he cannot thereafter successfully maintain assumpsit to recover for the portion of the goods not obtained as the result of the replevin action.

4. ELECTION OF REMEDIES—*where an estoppel is created by.* Where a plaintiff has made an election of remedies without full knowledge of the facts, he is bound by such election, unless he is able to show that he never had a right of action in the form of procedure adopted.

5. REPLEVIN—*effect of defect in affidavit for.* An affidavit in replevin which is defective in that it states that the goods had not been taken for any tax, etc., "nor seized under any execution and attachment against the goods and chattels of this *affiant,*" (there being more than one plaintiff) does not deprive the court of jurisdiction, as such defect is a mere irregularity susceptible of amendment either with or without the aid of the statute authorizing amendments in actions of replevin.

Action of assumpsit. Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed December 21, 1903.

WILLIAM G. ADAMS, for plaintiffs in error.

CHARLES H. RIPLEY, for defendant in error.

**Statement by the Court.** April 1, 1892, plaintiffs in error sold and delivered to defendant in error thirty-one pieces of woolen goods, upon a credit of four months. The 30th day of the same month they brought a replevin suit for the same goods. The writ was executed by taking

twenty-three pieces of such goods. It is admitted that the goods thus taken were turned over to plaintiffs, were by them converted to their own use, and that they have never in any way compensated him for the loss of such goods.

March 27, 1895, after the replevin suit had been at issue for nearly three years, it was called for trial, and the plaintiffs failing to prosecute the same, on motion of the attorney for defendant, it was dismissed at plaintiffs' costs for want of prosecution.

May 11, 1895, plaintiffs began the present assumpsit against the defendant to recover the entire price of said goods. The declaration alleged the sale and delivery of the goods at an agreed price, and that defendant had never paid the same. After much pleading, the parties stipulated to abandon all special pleading and to allow each party to introduce any evidence that is competent. The cause was tried November 19, 1897, by the court, a jury being waived. During the trial the plaintiffs proved that the value of the goods taken on the replevin writ and retained by them was $448.06; and they offered to deduct that amount and any other sum the defendant might show he had suffered by reason of the replevin suit, from the sum of $1,266.76, which was the amount of the original contract of sale. This offer was refused by the court, to which there was an exception. Plaintiffs also offered to show by Frank S. Donahue that in beginning said replevin suit he believed that the goods which were originally sold and delivered to the defendant had been obtained from the plaintiffs by the fraud of said defendant; but that in point of fact they had not been obtained by fraud and that he was mistaken in that regard; that in fact, the plaintiffs made a mistake in the election of their remedy and that he began said suit without full knowledge of all the facts and circumstances surrounding said case, and that when he began the suit and obtained the goods taken by the writ the plaintiffs did not actually have the right to replevy them. Which offer the court refused; to which ruling the plaintiffs duly excepted.

Plaintiffs also requested the court to hold four proposi-
tions they then presented to him as the law. They are, in
effect, as follows :

1. That the replevin suit was not such an election of
remedies as bars the present action, if at the time they
began it, plaintiffs did not have a right to maintain it.

2. That if at the time they began the replevin suit the
plaintiffs did so without a full knowledge of their rights,
and made a mistake as to their remedy, such suit is no bar
to the present action.

3. That if they made a mistake in their remedy, the
replevin suit is not a bar to a recovery in this action, pro-
viding they allow defendant the value of the goods taken
in that suit and all damages caused to him thereby.

4. That the defendant by bringing suit upon the re-
plevin bond, estopped himself from denying that the plaint-
iffs had a right to recover in this action.

The learned trial judge refused to hold these propositions
as the law of the case, and the plaintiffs duly excepted.
The court found the issues for the defendant, and, after
overruling a motion for new trial, entered judgment for
costs against plaintiffs.

An appeal was prayed and allowed, and a bill of excep-
tions was prepared and signed, but the appeal was never
perfected. Plaintiffs bring the case to this court by writ
of error.

Mr. JUSTICE BALL delivered the opinion of the court.

There was here but a single cause of action, i. e., the con-
tract for the purchase and sale of these goods. By the terms
of that contract the price agreed upon was not due and
payable until August 1, 1892. If plaintiffs were defrauded
in the making of that contract, they had the choice of two
remedies: they might disaffirm the sale and retake the
goods, or they might affirm the sale, and, after the term of
credit had expired, sue for the agreed price. In the former
case they necessarily assert that there was no valid sale; in
the latter, that there was a valid sale. These positions are

repugnant.   If they had taken nothing by the replevin action, or, having taken the goods, or a part of them, had returned them to the defendant, and then had suffered that suit to be dismissed, as was the fact in Stier v. Harms, 152 Ill. 476, they would not have been precluded from bringing this suit, for the reason that the rights and obligations of the parties had not been changed, and therefore a right of action which existed before the replevin suit was commenced ought not to be barred.   But it is admitted here, that, in the replevin suit, plaintiffs recovered one-third of the goods in question and converted them to their own use, without compensating the defendant therefor.   The facts differentiate this case from the many authorities cited by plaintiffs upon this proposition, namely, that where nothing is taken by the writ, no estoppel arises either by record or *in pais*.

In Stier v. Harms, *supra*, the horses of Stier were taken by Harms under a distress warrant against another.   Stier brought replevin, but abandoned the action, suffered it to be dismissed, and the property taken under it to be returned to Harms.   Stier then brought an action of trespass to recover damages for the wrongful taking of his horses.   The Supreme Court sustained his right of recovery upon the grounds that the remedies are consistent. and that the rights and obligations of the parties were not changed by the institution and dismissal of the replevin suit.   But they say : " If there had been a recovery by Stier in the action of replevin, the judgment might be regarded as a bar to an action of trespass to recover the value of the same goods, as held in Karr v. Barstow, 24 Ill. 581." (p. 479.)

In the case at bar the remedies are inconsistent and repugnant.   What is necessarily asserted in following the one must be denied in pursuing the other.   Three years after they began the replevin suit, during all which time they held and enjoyed the proceeds of that action, they commenced this assumpsit, in which they claim the right to recover the entire contract price.   While there may be two remedies upon the same contract, a single claim cannot be

split up and made the subject of several suits. Each contract creates but one and only one cause of action. Any other rule would multiply litigation and unduly prejudice debtors. In Farrington v. Payne, 15 Johnson, 432, a bed and bed quilts were taken at the same time and by the same act. The quilts were recovered in an action of trover. The court held that a subsequent action of trover for the bed was barred by the prior suit, as the wrongful act was a single indivisible act, " and the plaintiff ought not to be permitted to vex the defendants by splitting up his claim for damages into separate suits for each article so seized."

Where the remedies are inconsistent, the rule, based upon principle and sustained by the authorities, is clearly stated in Morris v. Rexford, 18 N. Y. 557:

" A vendor of goods, on a sale and delivery upon cash terms, if he fails to get payment, may consider the delivery absolute, and may rely on the responsibility of the vendee, or he may disaffirm and reclaim his property, but he cannot do both of these things. The remedies are not concurrent, and the choice between them once being made, the right to follow the other is forever gone. The law tolerates no such absurdity as the seizure of goods by a person claiming that he has never sold them, and an action by the same person, founded on the sale and delivery of the same goods for the recovery of the price. In peculiar circumstances a party may take either one of these courses, but having made his choice, the right to follow the other is extinct and gone."

In Kapischki v. Koch, 180 Ill. 44, appellant brought trespass for maliciously suing out a replevin writ. On the trial he admitted that he had brought suit upon the replevin bond and had obtained judgment thereon, and that such judgment had been satisfied. The Supreme Court denied his right of recovery, saying:

" While different remedies were available to the appellant, the cause of action was the same and was an entirety, and could not be divided into separate and distinct claims and both remedies pursued. The appellant was required to elect his remedy, and could not split his right to recover damages and maintain two actions against the appellees upon the same cause of action."

The fact that plaintiffs did not obtain all the goods upon the replevin writ does not give them the right to recover in this action.

" He could not sue in replevin for part of the goods and bring trespass for the balance taken at the same time. If the officer could not find all the goods mentioned in the plaint, our statute authorized him (plaintiff) to insert a count in trover for the balance." Karr v. Barstow, 24 Ill. 580.

In Savage v. French, 13 Ill. App. 17, appellee brought trespass for breaking and entering her house. On the trial it was shown that, prior to the institution of this suit, she had brought replevin for the recovery of goods taken and carried away at the time of such entry, and in that action had recovered judgment. It was held that the replevin suit was a bar to the action of trespass. The court says:

" When there is but a single cause of action, such merger is not merely of the part brought directly in question, in the suit in which the first judgment is recovered, but must necessarily be of the entire cause of action, regardless of the question whether or not the party suing has recovered all which he might have recovered in some other action, which he had the election to bring. Kendall v. Stokes, 3 How. (U. S.) 100. If this were not so, then it would follow that one cause of action may be split into several, especially if founded in tort. But it is well settled that the rule that one cause of action cannot be split into several, is as applicable to actions *ex delicto* as to those *ex contractu;* that a single act of trespass or conversion can be the foundation for but one suit for damages."

The affidavit in the replevin suit was defective because it stated that the goods had not been taken for any tax, etc., " nor seized under any execution and attachment against the goods and chattels of this *affiant*," instead of the " plaintiffs." But such defect being a mere irregularity did not deprive the court of jurisdiction, for the reason that by sec. 21, ch. 119, R. S., " amendments shall be permitted in actions of replevin, as in other cases at law." The rule is that, even in the absence of such a statute, an insufficient affidavit in replevin may be amended. Frink v. Flanagan,

1 Gilm. 38. It conclusively follows that, notwithstanding this defect, the Circuit Court had jurisdiction to try the replevin suit.

The offer of plaintiffs to prove that they began the replevin suit without full knowledge of their rights, was imperfect and incomplete. It did not state facts tending to show that they could not have maintained that suit. It went no further than an offer to prove what their agent Donahue "believed" at the time he made the affidavit in replevin. In the case of Garrett v. Farwell Co., 199 Ill. 436, cited by plaintiffs, it clearly appeared that Garrett must "necessarily fail" in the chancery suit which he brought, and which he dismissed upon learning the facts. Where it appears that the plaintiff never had a right of action as first brought, and therefore could not have elected, the rule that thereby he is not estopped from bringing a second and different action, is not in conflict with the rule that, having elected by bringing an action upon one theory, he has no right afterward to sue upon another and an inconsistent theory.

We are of the opinion that the learned trial judge ruled correctly in refusing to hold as law the four propositions presented to him by the plaintiffs. We have considered the further contentions of the plaintiffs, and find no reversible error in them.

The judgment of the Superior Court is affirmed.

*Affirmed.*