## Nathan Follett v. Harry Brown.

### Gen. No. 11,098.

1. DECREE IN CHANCERY—*when, does not bar legal action.* An action on the case for deceit is not barred by a decree in equity dismissing a bill, based upon the same matters, for want of equity.

Action on the case for deceit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 22, 1904.

EDWARD J. STEVENS, for appellant.

M. L. THACKABERRY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant, in his declaration in case against appellee in the Circuit Court, charged that the defendant falsely, fraudulently, etc., represented to him that a certain public house was doing a business of from thirty to fifty dollars a day, when in fact it was doing a business of only ten to fifteen dollars a day, etc.; and that plaintiff relying, etc., leased from the defendant said public house for a term of three years at a gross rental of $12,000, and bought of him the furniture thereof, at the price of $3,000. The defendant in a special plea averred that plaintiff before, etc., filed against him in the Superior Court his bill in equity for the same matters and causes of action, etc., and in said cause obtained a decree against him for $3,440.84 for the same, etc.; that on appeal to this court said decree was by this court reversed and the cause remanded, with directions to the Superior Court to dismiss the bill for want of equity, at complainant's costs. The plea sets out in full the pleadings in the chancery case, and the opinion of this court on the appeal. Brown v. Follett, 88 Ill. App. 489. The plea then avers that the Supreme Court, on appeal, adopted the opinion and affirmed the judgment of this court and again remanded said cause to the Superior Court with directions to

Follett v. Brown.

dismiss the bill for want of equity, etc., and that the cause was accordingly redocketed in the Superior Court, and by that court dismissed for want of equity at the costs of complainant. The demurrer of the plaintiff to the plea above stated was overruled, and the plaintiff electing to stand by his demurrer, final judgment for the defendant was rendered by the Circuit Court, from which the plaintiff appealed.

The single question presented is whether the decree of the Superior Court dismissing the bill of appellant for want of equity is a bar to this action at law, brought by him against the same defendant for the same matters.

In Lundy v. Lundy, 131 Ill. 138, a decree, dismissing, upon the hearing, a bill to set aside certain deeds as a cloud upon the title of appellant, was affirmed. In Lundy v. Mason, 174 Ill. 505, it was held that the decree dismissing that bill presented no defense to an action in ejectment for the same land, brought by the complainant in that bill. In the opinion Mr. Justice Wilkin, referring to the chancery suit, said : " This court, upon appeal, held that such a bill could not be maintained under the statute and decisions of this court because the complainants were in possession, and it was expressly stated that complainants' remedy was at law, in ejectment. The merits of the cause were not discussed. The decree below dismissing the bill was affirmed on the sole ground that the Circuit Court was without jurisdiction. The dismissal of the bill in that case presents no defense to this suit at law. Richards v. Lake Shore & Michigan Southern R. R. Co., 124 Ill. 516." In the case last cited, a demurrer was sustained to a bill and the bill dismissed " for want of equity," and the decree was affirmed. In the opinion Mr. Justice Mulkey said : " Counsel insist that the bill, if dismissed at all, should have been dismissed for want of jurisdiction, and not ' for want of equity,' as it was. This objection is without force. The dismissal of the bill, on demurrer, for want of equity, practically amounts to the same thing as dismissing it for want of jurisdiction. Winkler v. Winkler, 40 Ill. 179. While a bill may disclose legal rights, enforcible in a court of law,

yet if the facts stated do not bring the case within the ordinary jurisdiction of a court of equity, as was also the case here, there is neither jurisdiction nor equity in the bill. It may be stated as universally true, that, as the expression is used and understood in equity law, there can never be equity in a bill when there is want of jurisdiction. The dismissal of the bill in this case would present no defense whatever to an action at law under the contracts. The only injury or prejudice resulting from the order of dismissal, is the compelling of the complainants to bring their suit in the proper forum, where it should have been brought in the first instance." If the decree of the Superior Court in favor of the complainant, set out in the plea, had remained in force, it would have been a bar to this action. But that decree has not remained in force, but has been reversed and set aside. So also, if that decree had been reversed upon the merits, for the reason that the evidence did not sustain the charges of fraud stated in the bill, with directions to the Superior Court to dismiss the bill for want of equity, the decree of that court dismissing the bill for want of equity would have been a bar to this action. The opinion of this court adopted by the Supreme Court, and set out in the plea, shows the grounds upon which the decree of the Superior Court was reversed and the cause remanded with directions to dismiss the bill for want of equity, as the opinion of the Supreme Court in Lundy v. Lundy, *supra*, was held by that court in Lundy v. Mason, *supra*, to show the grounds upon which the decree in Lundy v. Lundy was reversed with like directions. In the opinion of this court (which became also the opinion of the Supreme Court) it was held that the evidence in the chancery case fully proved and sustained the charges of fraud made against the defendant in the bill, but that it also showed such acts and conduct on the part of the complainant during the nine months intervening between the discovery of the fraud and the filing of the bill, as were held to show his election to affirm the contract, and therefore the decree which was based upon a rescission of the con-

tract by the complainant could not be sustained, and was reversed with directions to dismiss the bill for want of equity.

In Richards v. Lake Shore & Mich. Southern R. R. Co., *supra*, it was held on demurrer to a bill that when a bill did not state facts which entitled the complainant to relief in equity, but did disclose legal rights enforcible at law, the proper decree was that "the bill be dismissed for want of equity" and the rule is the same when the bill is dismissed by the chancellor on the hearing, or, as in this case, is dismissed in obedience to the order and mandate of the court of review. The decree of the Superior Court, entered in obedience to the mandate, left the legal rights of the parties growing out of the lease and purchase, as distinguished from their equitable rights, unaffected by the decree. Porter v. Wagner, 36 O. S. 471. In speaking of the effect of such a decree in Neafle v. Neafle, 7 John. Ch. 5, Chancellor Kent said: "A decree dismissing a bill upon the merits does not establish any new right to be carried into effect; it only declares that the plaintiff has failed to establish the equity which he had set up." To the same effect are Kennedy v. Hazleton, 128 U. S. 671; Wright v. DeKlyne, 1 Peters C. C. 199; Phelps v. Harris, 101 U. S. 370; Garrett v. Farwell Co., 199 Ill. 436.

The Circuit Court erred, in our opinion, in overruling the demurrer of the plaintiff to the special plea of the defendant, and for that error the judgment of that court will be reversed and the cause remanded.

*Reversed and remanded.*