### Greenduck Company, Plaintiff in Error, v. Green River Distilling Company, Defendant in Error.

### Gen. No. 16,870.

1. REPLEVIN—*election of remedies.* Where the defendant refuses to accept, or pay for fobs delivered under a contract, but claims damages because they were not in accordance with the terms of such contract, the plaintiff, after having been defeated in a suit to recover the contract price, cannot bring replevin.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

GENTZEL & CRANE, for plaintiff in error.

STEPHEN C. KNIGHT, for defendant in error; CLYDE C. COLWELL, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 26, 1909, Greenduck Company, an Illinois corporation, plaintiff in error and hereinafter called plaintiff, began a fourth class suit in replevin in the Municipal Court of Chicago against Green River Distilling Company, a corporation, with principal office at Owensboro, Kentucky, and having an office and agent in Chicago, defendant in error and hereinafter called defendant, to recover the possession of 10,320 watch fobs. It was alleged in the affidavit for replevin that plaintiff was lawfully entitled to the possession of said watch fobs, which were of the value of $619.20. It appears from the return on the replevin writ that the bailiff read the same to the Chicago agent of defendant; demanded of him that he turn over said watch fobs, which the latter refused to do, and that the bailiff was unable to find the same, etc. On May 3, 1910, the appearance of defendant was entered, and on motion of plaintiff the court allowed plaintiff to file an additional statement to the effect that "plaintiff's claim is for the wrongful detention by the defendant" of said watch fobs. Subsequently, the cause was tried by the court without a jury, and on July 30, 1910, the court found the issues against the plaintiff and entered judgment in favor of the defendant for costs. This writ is prosecuted to reverse that judgment.

The facts are, briefly stated, as follows: The plaintiff corporation was engaged in the business of manufacturing metal goods, and, in October, 1907, under contract with defendant, it manufactured, sold and shipped to defendant, at Owensboro, the watch fobs in question, which defendant refused to accept or pay for, on the ground that they were not in accordance with the contract, and notified plaintiff that defendant held them in storage for plaintiff's account. Other watch fobs had previously been shipped to defendant and had been paid for. Defendant claimed damages

because of their not being in accordance with the contract. After some further correspondence between the parties, and after defendant had again refused to pay for said watch fobs, on November 15, 1907, plaintiff brought an action against defendant in the Municipal Court of Chicago to recover the purchase or contract price of the same watch fobs in question in this present action, a hearing was had on the merits, the court found the issues for the defendant, and, on January 31, 1908, judgment was rendered in that action against the plaintiff for costs. Subsequently this present action was commenced, and on the trial, counsel for defendant urged said adjudication of January 31, 1908, as a bar to the present action. The trial court agreed to this and entered judgment against the plaintiff in this action for costs.

We think the judgment was correct. Plaintiff, after being notified that defendant would not accept the watch fobs or pay for them, and that defendant claimed damages, etc., elected to affirm the sale and bring suit against defendant for the contract price of such watch fobs as had been delivered but not paid for, and in that suit, after a trial upon the merits, an adjudication was had in favor of defendant. Subsequently plaintiff brought the present action against defendant for damages for the "wrongful detention by the defendant" of the same watch fobs. "Any decisive act of a party, with knowledge of his rights and of the facts, determines his election in case of conflicting and inconsistent remedies. * * * The prosecution of one remedial right to judgment or decree, whether the judgment or decree is for or against plaintiff, is a decisive act which constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights." 15 Cyc. 259; Zimmerman v. Zimmerman, 15 Ill. 84; Fisher v. Brown, 111 Ill. App. 486.

The judgment of the Municipal Court is affirmed.

*Affirmed.*