GILMAN HENRY v. ELLIS TUPPER and THE TOWN OF BAR-NARD.

[IN CHANCERY.]

*Interference of chancery with proceedings at law.*

A court of chancery will not interfere, to stay proceedings in an action of ejectment, brought by a mortgagee or his assignee, to obtain possession of the mortgaged premises, upon a bill brought by the mortgagor, or his assignee, not for the purpose of discovery, and in which the orator claims and insists that there has been no breach of the condition.

In such a case the orator has a plain and adequate remedy at law; and a court of law having obtained jurisdiction of the matter, it cannot be withdrawn therefrom and adjusted in a court of equity.

APPEAL from the court of chancery, in which court the defendants filed a general demurrer to the orator's bill. The allegations and averments in the bill, so far as they need be set forth, and so far as they were material to any of the questions determined, are sufficiently stated in the opinion of the court, which, after argument by P. T. *Washburn*, Esq. in support of the demurrer, and by Messrs. *Converse & Barrett*, for the orators, was delivered by

BENNETT, J. This case comes up upon a demurrer to a bill in

chancery. It seems Benjamin Tupper mortgaged the premises in dispute, to one Ellis Tupper, to secure among other things, a comfortable house, and support for him and his wife, during their nat--ural lives.

Daniel Aikens acquired the title of Benjamin Tupper, subject to the mortgage to Ellis Tupper; and the orator in this bill has the title of Daniel Aikens. The town of Barnard claim the interest of Ellis Tupper under his mortgage. The bill alleges, that the town of Barnard have commenced their action of. ejectment in the name of Ellis Tupper, against the orator in this bill, Daniel Aikens, and others, to recover the possession of these premises, by means of his title as mortgagee of Benjamin Tupper, which action is now pending.

The orator alleges in his bill a full performance of the condition in the mortgage deed to Ellis Tupper, and insists upon the same as a ground of relief in his bill, and he prays an injunction against the action of ejectment, and, that if a breach of the condition shall be found, that he may be let in to redeem upon making compensation.

 The plaintiffs in the action of ejectment can recover only upon the ground of a breach of the condition of the mortgage deed to Ellis Tupper, and if the allegations in the orator's bill are true, and for the purposes of this hearing, we are to take them to be true, the orator has a full, clear and adequate defense to the action of ejectment at law; and it would seem, as if it might have been an object with the orator to withdraw from a court of law the controversy in regard to the performance of the condition in the mortgage deed, and have it settled in a court of equity. This we think, he cannot do. There is no pretence in this bill, that the orator has come into a court of chancery for the purposes of discovery, and the controversy in relation to the performance of the condition in the mortgage deed, relative to the support of Ellis Tupper and his wife, is peculiarly, if not exclusively proper for a common law court; and it has even been held, that when a court of law and a court of equity have concurrent jurisdiction of the matter in controversy, the court which first takes jurisdiction settles the matter conclusively. See *Thompson* v. *Hill*, 3 Yerg. 167. *Howrneys Executors* v. *Halcomb*, 2 Munf. 34.

We think, then, the orator has, in this bill, shown that he has no

right to come into a court of chancery. It is a common principle that chancery will not take jurisdiction, where there is a plain and adequate remedy at law. The town of Barnard have no rights under the mortgage deed, and cannot set up any claim under it, that can interfere with the title of the orator, except upon the supposition that there has been a breach in the condition, and this is denied in the bill.

If the orator, had in his bill, admitted the breach, whereby his estate at law would have been gone, and then sought to come in and redeem upon making compensation, we should have found it necessary to have decided, whether this is a case where a redeemable interest exists in equity, and upon that question we do not now find it necessary to express any opinion. We think, then, as this bill is framed, the demurrer was rightfully allowed by the court of chancery, and the decree of that court should be affirmed with costs.

If, however, the orator should prefer it, the decree may be reversed *pro forma,* and the cause remanded to the court of chancery for an amendment of the bill in the discretion of that court, he paying the same costs in this court, as upon an affirmance, and taking none.