EDWARD S. RICHARDS *et al.*

*v.*

THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

*Filed at Ottawa May 9, 1888.*

1. JURISDICTION—*by consent of parties—effect of waiver of question of jurisdiction.* It is a fundamental principle that parties to a suit can not confer jurisdiction with respect to the subject matter of the suit by stipulation or consent, for the reason that is fixed by the law, and is therefore beyond the control of the parties.

2. If a bill fails to show a case within the jurisdiction of a court of equity, the error is fatal in every stage of the case, and can never be cured by any waiver or course of proceeding by the parties. This is so where there is a total want of jurisdiction.

3. There is a class of cases, however, involving matters of contract, and the like, which, while they do not come within the ordinary jurisdiction of a court of equity, yet, inasmuch as they only want some equitable element to bring them within such jurisdiction, the defendant, by answering to the merits, will not be permitted afterwards to raise the question of jurisdiction for the first time on the hearing, much less on appeal.

4. While courts of equity may assume jurisdiction in certain classes of cases not clearly within the domain of equitable cognizance, where no objection is interposed, yet they are not bound to do so, even if the parties are desirous of proceeding upon the merits.

5. SAME—*effect of waiver which is inconsistent with the party's pleadings.* On bill in chancery to recover unliquidated damages for the breach of a contract recoverable at law, the defendant filed a demurrer to the bill for want of equity, and with it a stipulation waiving all objection to the jurisdiction, on the ground of there being a remedy at law: *Held,* that the stipulation being repugnant to the demurrer, which called upon the court to decide the law upon the facts stated, there was no error in disregarding the stipulation and sustaining the demurrer, it being evident there was no intention to waive the demurrer.

6. A defendant may abandon or waive one or all his defenses to a good bill or declaration, by interposing an insufficient answer or plea, or none at all, or by disclaimer. But he can not do this by insisting upon the law in his favor, which shows his defense.

7. FORMER ADJUDICATION—*dismissal in chancery, as a bar to suit at law.* The dismissal of a bill for want of equity, on demurrer, when the bill shows that the remedy is at law, is equivalent to a dismissal for want of jurisdiction, and the decree will present no bar to an action at law to enforce the same right sought to be enforced by the bill. There can be no equity in a bill when there is a want of jurisdiction.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. GARDNER, McFADON & GARDNER, for the appellants.

Mr. PLINY B. SMITH, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The complainants, Richards, Maynard & Co., filed a bill in the Superior Court of Cook county, against the Lake Shore and Michigan Southern Railway Company, the object of which was to recover unliquidated damages alleged to have been sustained by them by reason of the company's failure to perform a certain contract entered into by it with Edward S. Richards, and by him assigned to the complainants. The Superior Court sustained a demurrer to the bill, and entered an order dismiss-

ing the same for want of equity, which, on appeal, was affirmed by the Appellate Court for the First District, whence the case is brought here for review.

As the case made by the bill is not, in our opinion, one of equitable cognizance, it will not, for the purposes of the view we have taken of it, be necessary to set forth the specific provisions of the contract which are claimed to have been violated by the company, or the allegations in the bill respecting them.

But for a stipulation which was filed by the company's attorney along with the demurrer, there would be no reasonable ground to doubt the correctness of the rulings of the courts below. The stipulation is as follows: "The defendant waives the objection to the jurisdiction of a court of equity in said cause, which might arise on the possible ground of there being a remedy at law, hereby intending not to waive any other defense, objection or exception whatever."

Assuming the facts disclosed by the bill are sufficient to maintain an action at law, as we are inclined to think they are, the case is certainly somewhat anomalous. First, we find the complainants have not shown, by their bill, a right of recovery in equity; second, that they have shown a right to recover at least something at law; third, the defendant insists, by its demurrer, "that the complainants have not, in and by their said bill, made or stated such a case as entitles them, in a court of equity, to any discovery or relief as against the defendant," etc.; fourth, the defendant waives the objection to the jurisdiction of the court, so far as it may be affected by the fact that there is a remedy at law.

The difficulty in the case is in determining what effect is to be given to this stipulation. The questions arise, what did the defendant intend by it? Was it a waiver of the demurrer, in whole or in part? Was the court bound by it in passing upon the sufficiency of the bill? Did it have the effect of injecting, as it were, an element into the bill, but for which the court would have been bound to say there was no equitable juris-

diction? It is a fundamental principle, that parties to a suit can not, by consent, confer jurisdiction, with respect to the subject matter of the suit, by stipulation or consent, for that is fixed by the law, and is consequently beyond the control of the parties. While rights may be waived and duties dispensed with, the law can not be thus disposed of. Thus, it is said in Story's work on Equity Pleadings: "But whatever may be the object of the bill, the first and fundamental rule, which is always indispensable, to be observed, is, that it must state a case within the appropriate jurisdiction of a court of equity. If it fails in this respect, the error is fatal in every stage of the cause, and can never be cured by any waiver or course of proceeding by the parties, for consent can not confer a jurisdiction not vested by law. And although many errors and irregularities may be waived by the parties, or be cured by not being objected to, the court itself can not act except upon its own intrinsic authority in matters of jurisdiction." Sec. 10.

The author is doubtless speaking, here, of jurisdiction in the strict sense in which it is understood in courts of law, and as applicable to a certain class of cases in equity, which, under no circumstances, are ever cognizable in a court of equity, such as would be a bill to recover damages for slander, or for an assault and battery. In these and like cases the decree would be a nullity, although the jurisdiction of the court passed unchallenged. But there is another class of cases, involving matters of contract and the like, which, while they do not come within the ordinary jurisdiction of a court of equity, yet, inasmuch as these matters only want some equitable element to bring the case within such jurisdiction, the defendant, by answering to the merits instead of demurring, will not be permitted to afterwards raise the question of jurisdiction for the first time on the hearing, much less on appeal. In both classes of cases there is a want of jurisdiction. In the first there is a total want of power to hear or determine the case. In the other the want of power is not absolute, but qualified.

If the defendant, by answer, submits himself and cause to the jurisdiction of the court, the court may act, and he will be bound. (1 Daniell's Ch. Pr. 608-610, and notes.) Here, the case made by the bill was submitted, on demurrer, as an entirety, and the simple duty of the court was to declare the law upon the facts, unless we can say that the stipulation was a waiver of the demurrer. That, certainly, was not intended, nor do we think it had that effect. As the demurrer went to the whole bill, the question submitted was, whether, as matter of law, there was equity in the bill, considered as an entirety. By the stipulation no further fact was added to the bill, nor was any existing fact eliminated from it. It was a mere attempt on the part of the defendant to waive a provision of law directly bearing on the facts, upon which the court was asked to declare the law. There is no doubt but that a defendant may, either at law or in equity, waive or abandon one or all of his defenses, where the plaintiff's declaration or bill shows a good cause of action against him. This may be done by interposing an insufficient answer or plea, or none at all, and sometimes by a disclaimer; yet he can not do this by simply saying, I will not insist on the principles of law in my favor, and yet, at the same time, insist that the court shall decide the case according to law.

The stipulation in question we think was clearly repugnant to the demurrer, and we assume the courts below disregarded it. In this we think there was no error. The facts shown by the bill do not bring the case within the ordinary jurisdiction of a court of equity, and hence the demurrer was properly sustained. Yet, as the controversy relates to matters of contract, over which courts of equity exercise a general jurisdiction when coupled with some equitable element that makes those courts the more appropriate forum for their consideration, we do not think that there was that absolute want of jurisdiction in the case that would have rendered, under any and all circumstances, the whole proceeding void. On the contrary, we

are of opinion that if the Superior Court had, upon an answer to the bill, seen proper to have assumed jurisdiction of the cause, and had proceeded to a hearing upon the merits, it would then have been too late to raise the question of jurisdiction, and both parties would have been bound. But while courts of equity may assume jurisdiction in this class of cases, yet they are not bound to do so, notwithstanding the parties are desirous of proceeding upon the merits, otherwise all suits founded upon bills of exchange, promissory notes, and other contracts, might in this manner be transferred to these courts, and they would be powerless to protect themselves from such an innovation upon their ordinary jurisdiction. In this view, we think the court clearly had the right to disregard the stipulation, and pass upon the question of jurisdiction as it did.

Counsel insist that the bill, if dismissed at all, should have been dismissed for want of jurisdiction, and not "for want of equity," as it was. This objection is without force. The dismissing of the bill, on demurrer, for want of equity, practically amounts to the same thing as dismissing it for want of jurisdiction. (*Winkler* v. *Winkler*, 40 Ill. 179.) While a bill may disclose legal rights, enforcible in a court of law, yet if the facts stated do not bring the case within the ordinary jurisdiction of a court of equity, as was also the case here, there is neither jurisdiction, nor equity in the bill. It may be stated as universally true, that, as the expression is used and understood in equity law, there can never be equity in a bill where there is a want of jurisdiction. The dismissal of the bill in this case would present no defense whatever to an action at law on the contract. The only injury or prejudice resulting from the order of dismissal, is the compelling of the complainants to bring their suit in the proper forum, where it should have been brought in the first instance.

The judgment will be affirmed.      *Judgment affirmed.*

Mr. Chief Justice Sheldon, dissenting.