SAMUEL P. LUNDY *et al.*

*v.*

LIZZIE LEE MASON.

*Opinion filed October 24, 1898.*

1. DEEDS—*a deed intended as a testamentary devise must be delivered during grantor's life.* A deed intended as a testamentary devise, but not executed with the formality of a will, must be delivered during the lifetime of the grantor or it is inoperative.

2. SAME—*possession of a deed obtained by grantee without grantor's knowledge is not a delivery.* The possession of a deed obtained by the grantee without the knowledge or consent of the grantor does not show a good delivery.

3. RES JUDICATA—*when affirmance of decree dismissing bill to remove cloud does not bar ejectment.* The affirmance by the Supreme Court

of a decree dismissing a bill to cancel a deed as a cloud on complainant's title, the decision being based upon the ground that as the complainants were not in possession their remedy was ejectment, the merits of the case not having been considered, is not a bar to a subsequent ejectment suit by the same parties to recover the premises covered by the deed previously sought to be canceled.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. ALFRED SAMPLE, Judge, presiding.

REEVES & BOYS, for plaintiffs in error.

GEORGE TORRANCE, and R. S. MCILDUFF, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a suit in ejectment, begun in the circuit court of Livingston county, by Samuel P. Lundy and others, the children and grandchildren and heirs-at-law of Henry Lundy, deceased, against Elias J. Lundy, another son and heir, to recover possession of a ninety-acre tract of land owned by Henry Lundy in his lifetime, and of which it is claimed he died intestate, still owning it. The declaration avers that the plaintiffs and defendant are owners in fee as tenants in common, but that the defendant, against the will of plaintiffs, holds the whole of said lands and the rents and profits therefrom, and has excluded plaintiffs from the possession thereof. Before plea was filed the defendant, Elias, died testate, leaving his wife his sole devisee. She afterwards married J. H. Mason. The declaration was amended and the name of Lizzie Lee Mason substituted as defendant. She filed a plea of not guilty, and a special plea that the plaintiffs had failed to make demand for possession. To the latter plea a demurrer was sustained. Upon a hearing had before the court without a jury, judgment was rendered for defendant, on the ground that she was the owner of the land in fee by virtue of a deed from Henry Lundy to her husband, Elias J. Lundy. From that judgment plaintiffs bring the cause here on writ of error.

The principal questions in the case are two: First, was there a delivery and acceptance of the deed from Henry Lundy to Elias J. Lundy conveying the lands involved in this suit; and second, is the decree in a prior cause in chancery, (No. 2217,) and its affirmance in this court, a bar to this ejectment suit.

Relative to the first inquiry, it appears from the evidence that Henry Lundy, in his lifetime, made a deed to his son, Elias J. Lundy, without the latter's knowledge, purporting to convey the land in controversy, and placed it in a sealed envelope in a drawer where the grantor usually kept such papers. At the time of making this deed he made several others, his purpose being to divide up his estate, which consisted of several hundred acres of land, among his several children and grandchildren. The deeds were not delivered, it being his expressed intention to keep the grantees ignorant of what he was doing and have the deeds take effect upon his death. This he afterwards learned would not have the legal effect he desired, and he expressed his intention to make a will. Elias was at this time in possession of the land in controversy, paying $2.50 per acre rent therefor, and his father was living with him. Before the father succeeded in making the will, he was, in May, 1895, stricken with paralysis, and remained very ill until he died, August 9 following. Immediately after taking sick he asked a neighbor, C. R. Manley, to prepare a will, but his condition was such that Manley was unable to get from him a definite understanding as to what disposition of his property was desired. It appears that several attempts were afterwards made to get a definite statement, but without success. Elias was present on one occasion. He had understood that he was to have the land here in question, and was expressing anxiety over the fact that he had nothing to show his title thereto. He remarked that there was a sealed envelope at home but that he was not aware of its contents, and upon the suggestion of Manley he brought

the envelope and Manley opened it. Among others, the deed in controversy was found. Elias then instructed Manley to keep the deed, which he did until Henry Lundy's death, when it was delivered to Elias, who soon after placed it on record. It is also claimed that in the drawer where the deed was kept were also some papers belonging to Elias.

From this statement of facts can it be said that the act of Henry Lundy in making and acknowledging the deed and placing it in the drawer, without the grantee knowing of its existence, constituted a delivery of the instrument? Clearly not. The grantor was aware the deed was inoperative without delivery in his lifetime, as he stated to one of the witnesses testifying in the case, and, as is clearly shown, he abandoned the making of deeds to accomplish his purpose. He at no time parted with his control over the instrument. So long as the purpose of a grantor to make a voluntary conveyance is *in fieri*, the grantor may, with or without cause, at any time recede from such purpose. *Rountree* v. *Smith*, 152 Ill. 493; *Byars* v. *Spencer*, 101 id. 429; *Stinson* v. *Anderson*, 96 id. 373.

The finding of the court in this case is, that "the father delivered the possession of the ninety acres to the son, Elias, in the spring of 1881, with the purpose and intention of making a settlement of the same on him, and that the deeds to said ninety acres were placed in a drawer of a stand where Elias kept his papers, with the view and intention that Elias should find the same at his (the father's) death; that Elias paid the taxes on said land during the time," etc. The facts, we think, do not show that a settlement was made, as found by the court, but rather that Elias was merely paying rent as a tenant. But even granting that the evidence supports the finding, it would amount to nothing more than an attempt to make a testamentary disposition of the lands by deed, which clearly could not be done. (*Wilson* v. *Wilson*, 158 Ill. 567.) It is necessary that delivery be made during the grantor's

life to pass the title. *Hayes* v. *Boylan,* 141 Ill. 400; *Benson* .v. *Hall,* 150 id. 60.

If it be said the grantee had possession of the deed, it must be admitted such possession was without the knowledge or consent of the grantor. In any view of the facts, to hold the instrument a valid deed would be to give effect to it contrary to the grantor's intention. There was clearly no delivery of the deed, and, furthermore, there was no acceptance of it, as such, during the lifetime of the grantor.

Reference is made in the argument and the evidence to another tract of land, known as the "north eighty;" but what is here said has no reference to that tract of land, it not being involved in this suit.

The contention that the decree in chancery cause No. 2217 is a bar to this suit is, we think, untenable. That was a proceeding by parties who are appellants here, to cancel the deed in question in this suit as a cloud upon their title as tenants in common and heirs of Henry Lundy. The decree below dismissed the bill. This court, upon appeal, held that such a bill could not be maintained under the statute and decisions of this court, because the complainants were not in possession, and it was expressly stated that complainants' remedy was at law, in ejectment. The merits of the cause were not discussed. The decree below dismissing the bill was affirmed on the sole ground that the circuit court was without jurisdiction. The dismissal of the bill in that case presents no defense to this suit at law. *Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516.

The judgment of the circuit court finding the issues for the defendant is reversed and the cause remanded to the circuit court for further proceedings.

*Reversed and remanded.*