Grand Pacific Hotel Company v. William A. Pinkerton, et al.

Gen. No. 11,697.

1. EXCEPTION—*when, essential to review.* An exception to the finding and judgment in a cause tried before the court should be shown in the bill of exceptions in order to authorize a review of such judgment so far as the sufficiency of the evidence to sustain the verdict is concerned, and also as to the impropriety of the action of the court in overruling the motion in arrest.

2. DISMISSAL—*what not res adjudicata as to motion to set aside.* The defeat of a bill in equity filed to set aside an order of dismissal does not make *res adjudicata* a motion made before the court of law, which entered such dismissal, to set the same aside.

3. AMENDMENT—*what sufficient memorial to authorize.* In the absence of minutes kept by the judge at a hearing, notes taken at the hearing, not in the judge's handwriting but in his presence, during the

progress thereof, and submitted to him jointly by both parties to the cause and by him adopted, taken and used in the trial of the cause as the minutes, memoranda and record from which he was to make his decision, constitute a sufficient memorial upon which to predicate an amendment even after the lapse of the judgment term.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed January 23, 1905.

FRANCIS A. RIDDLE, for appellant.

JACOB J. KERN, JOHN A. BROWN, and D. W. MUNN, for appellees; LLOYD C. WHITMAN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court of Cook County for $1,109.70, obtained by the appellees, William A. Pinkerton and Robert A. Pinkerton, doing business as Pinkerton's National Detective Agency, against the appellant, the Grand Pacific Hotel Company. The cause was tried below by the court without the intervention of a jury, and the judgment was upon the finding of the court. The suit was in assumpsit, and based upon services alleged to have been rendered by the appellees in the line of their calling to the appellant under a contract made by one Albert E. Glennie acting, as alleged by the appellees, for the appellant, the Grand Pacific Hotel Company, in the conduct of the business of which company the said Glennie was concerned, and in connection with the business of which, as the proprietor of the Grand Pacific Hotel, the services are said to have been rendered. The detective service was used in an attempt to ascertain the guilty parties in thefts from guests alleged to have taken place in the hotel.

The suit was originally begun against the hotel company and Glennie, who pleaded separately to the declaration. After many amendments of the record and many interlocutory orders, the finding and judgment of the court below were made against the hotel company, the appellant, alone.

One of the errors assigned by appellant is that "the Superior Court erred in entering judgment against the Grand Pacific Hotel Company only," and another that it erred in entering said judgment because at the time of entering the same, there were two defendants to said cause, and it was error to enter judgment against only one of said defendants without dismissing said suit against the other.    Many other errors are also assigned.

The record is in a strange state of confusion, but two things of controlling importance in the disposition of this cause seem clear from a careful inspection of that record. The first is that no exception is preserved in the bill of exceptions to the finding and judgment of the court below, or to the overruling of any motion for a new trial, which is available here to raise the question of the erroneousness of such finding; and the second is, that although on motion in this court leave was given to the appellees to assign cross-errors, no such cross-errors were assigned on the record. An assignment of alleged cross-errors is printed in the additional abstract of the record filed by appellees, but this is manifestly not an effective or valid assignment.    Such assignment must be made on the record itself.    The only things in the bill of exceptions which approach or suggest an objection or exception to either finding or judgment, are that after the court below, on September 26, 1903, "found the issues for the plaintiff and against the Grand Pacific Hotel Company," appellant made a motion "to set aside the finding herein and to arrest judgment in said cause," for certain specified reasons in said motion set out in writing, and when the court overruled said motion, to that ruling the appellant excepted.    And also, that on said 26th day of September, 1903, "as reasons for setting aside the finding heretofore made, counsel for defendant presented and asked the court to certify" certain special findings, and on the court's refusing, as the record says, "to make and enter the special findings so requested by the defendant, or to make and enter any special findings in this cause after the trial and after the finding by the court,"

the appellant excepted to said refusal. Such refusal, however, was plainly proper, and has not been assigned for error.

The nature of the reasons set forth in the motion in arrest of judgment will be hereafter alluded to.

It is true that the clerk in the record proper of the judgment (not in the bill of exceptions) has recited that the defendant excepted both to the finding and to the judgment and that a motion for a new trial was made by defendant and denied by the court, to which ruling also the defendant excepted. But the Supreme Court and this court following it, have in a long line of cases held that this is not sufficient, but that such exceptions to be available must be preserved in the bill of exceptions certified by the trial judge. From some of the earlier cases it might be argued that this necessity for the preservation of exceptions to the finding and judgment in a bill of exceptions in a case tried by the court without the intervention of a jury, related only to questions arising on the sufficiency of the evidence, or on the giving or refusing of instructions. Thus, in Martin v. Foulke, 114 Ill. 206, Mr. Justice Mulkey said that the rule is inflexible, that in order to take advantage of any improper ruling of the court pending the trial of a cause, *which does not relate to the pleadings or appear on the face of the judgment itself*, the objection to be available in an appellate tribunal, must be preserved by a proper bill of exceptions. In Firemen's Insurance Co. v. Peck, 126 Ill. 493, Mr. Justice Baker said: "We are strenuously urged by counsel for appellant, to * * * hold that if the proper motions and exceptions appear in the judgment order or order allowing an appeal, as made up by the clerk and certified by him, then it is not essential they should appear in the bill of exceptions signed and sealed by the judge. Were the question an open one, we might be inclined so to hold; but the rule now objected to is a settled rule of practice in this state, and has been announced and followed for so long a time and in so many cases, that it ought not to be departed from."

But in Bailey v. Smith, 168 Ill. 84, Mr. Justice Cartwright, delivering the opinion of the court, placed the rule on the basis of a construction of the Practice Act, and declared it to be no technical rule established by decisions merely, but a legislative enactment which the courts have no right to ignore or change. "Section 60 of the Practice Act," he says, "authorizing an assignment of error upon the finding and judgment of the court in such cases, is as follows: 'Exceptions taken to decisions of the court, upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases, tried by the court without the intervention of a jury, shall be deemed and held to have been properly taken and allowed, and the party excepting may assign for error before the Supreme Court any decision so excepted to, whether such exception relates to receiving improper or rejecting proper testimony, *or to the final judgment of the court upon the law and evidence.*' It is only a decision so excepted to that *can* be assigned for error, and the exception can only be taken and preserved by means of a bill of exceptions." This language is followed and approved in the late case of Jones v. Milford, 208 Ill. 621.

The objections urged to the judgment at bar by the appellant amount practically to these three: first, that there is no sufficient evidence in the record upon which the appellant could be held liable; secondly, that as the record shows that the suit was begun in assumpsit jointly against two defendants, The Grand Pacific Hotel Company and Albert E. Glennie, and *no dismissal appears of record as to* Albert E. Glennie, the judgment against the Grand Pacific Hotel Company alone was erroneous; and, thirdly, that the suit had been dismissed by Judge Stein in the court below before the judgment appealed from was entered by Judge Kavanagh in the same court, and that Judge Kavanagh erred in amending the record and afterwards reinstating the case, especially as by the dismissal of a bill in chancery seeking such reinstatement, Judge Holdom in said court had made the matter *res adjudicata.*

In view of the absence above noted of exceptions preserved in the bill of exceptions to the finding and judgment, it becomes, therefore, our duty, first to inquire whether these objections can be considered by us under the operation of the rule laid down by the Supreme Court, and declared to be of statutory origin.

We certainly cannot thus consider the sufficiency of the evidence to sustain the finding and judgment. Even if the motion of appellant in arrest of judgment on September 26, 1903, could be treated as a motion for a new trial as well, and the exception to its denial as taking the place of an exception to the finding and judgment, it could not affect the question of the sufficiency of the evidence. It was strictly confined to questioning the order of Judge Kavanagh of June 20, 1903, by which the order of dismissal entered by Judge Stein on October 4, 1902, was set aside and vacated, and the cause reinstated and replaced on the docket of the Superior Court. As to all motions for a new trial in writing, it is only those reasons specifically set forth that can be considered in an Appellate Court, when the question is of the error of the court below in refusing the motion. West Chicago R. R. Co. v. Krueger, 168 Ill. 586; Ill. Central R. R. Co. v. Johnson, 191 Ill. 594. Morever, the motion being by its terms to set aside the finding of the court *and to arrest judyment in the cause,* it is probably true that the motion "to arrest the judgment" waived the motion "to set aside the finding," if this last could be considered tantamount to a motion for a new trial. We are the less disposed to regret this inability on our part to enter fully upon the consideration of the primary merits of the cause; because, although led in our inspection of the record to make a cursory examination of the evidence, we see no reason to suppose that any injustice has been done by the decision of the court below upon it.

The second general ground of objection to the judgment made by appellant as above indicated, it is perhaps less certain that we are foreclosed from considering, for it might be argued that no exception is necessary for an assignment

of error which "relates to the pleadings" or "appears on the face of the judgment," and that the Supreme Court opinion in Martin v. Foulke, *supra*, implied this.   And since the record proper in this case shows process and pleadings against two defendants in assumpsit, and judgment against only one, without disposition of the cause as to the other, it might be further argued that the judgment was unauthorized by law, and that the error complained of, appearing on the face of the judgment in connection with the pleadings, needed no exception to make it available. But if (as the Supreme Court says is the proper construction of the Practice Act) the only decision of a court trying a case without a jury which can be assigned for error, is one to which an exception has been preserved in a bill of exceptions, it must follow that the several assignments of error in the present case, in which this objection to the judgment is indicated, give us no warrant to inquire into the matter.   They each—as in the nature of things they must—allege the error to be in the entry of the judgment, or in making the finding, and the judgment and the finding are not such, according to the doctrine of Bailey v. Smith, *supra*, as *can* be assigned for error, since they are not decisions of the court below to which exceptions were preserved.   If the finding and judgment were erroneous for this reason, they were erroneous only, not void, for there is no defect of jurisdiction as between the appellee and appellant appearing on the face of the record, but simply an improper or premature judgment against appellant. To the error, therefore, objection may be taken by exception, and in a case like this *must* be so taken, to be available.

The third objection made by the appellant and embodied especially in the fifth, sixth, eleventh and seventeenth assignments of error, we think we may properly consider, under the rule hereinbefore indicated, because a motion in arrest of judgment was made before the judgment was entered, based upon this general objection, and to the denial of this motion on September 26, 1903, an exception was taken and properly preserved.   But even in this matter

a safer practice would have been, in view of the Practice Act and its judicial construction, to renew the objection and its evidence by the preservation of an exception to the judgment itself. We do not, however, see any merit in the motion and think it was properly denied upon the showing made and set forth in the motion itself as reasons therefor. Those reasons were that there had been filed by the appellees in the Superior Court on December 2, 1902, a bill in chancery, alleging the trial under a submission by both parties of the present action to Judge Kavanagh without a jury on May 21, 1901, its being taken by him under advisement, its erroneous appearance thereafter upon the trial calendar of Judge Stein in September, 1902, its dismissal by Judge Stein on October 4, 1902, for want of prosecution, and an order of Judge Kavanagh entered on December 10, 1902, amending the record as of May 21, 1901, to show the submission of the cause to him on that last named date; and praying that the order of dismissal by Judge Stein be set aside;—that said bill on demurrer by appellant had been on June 3, 1903, dismissed for want of equity by Judge Holdom, a chancellor in the Superior Court;—that a subsequent order in the cause at bar, entered by Judge Kavanagh on June 20, 1903, setting aside the order of dismissal of October 4, 1902, was " in effect an appeal from the order of Judge Holdom dismissing the bill in equity;—" that the said order of Judge Holdom was "*res adjudicata*" and determined the right of the appellees to any further order or judgment in the present action. Therefore it was claimed the judgment should not be entered.

We see no force in the reasons above recited and appearing in the motion in arrest. A demurrer may well be sustained in any given case to a bill in equity to vacate a judgment, on the ground that there is a perfect remedy at law by motion so to vacate it. It certainly is not the law that because there *is* a remedy at law defeating the bill in equity, therefore the defeat of the bill in equity takes away the remedy at law. Our practice, unreformed though it be, is not a juggle of words nor a play of paradoxes.

The advantage of exception to the overruling of the motion in arrest is confined, we think, to making it possible for this court to consider whether the specific reasons urged for the arrest were sufficient. It is plain that there was no *res judicata* made by the dismissal of the bill in equity, and that is probably sufficient to dispose of the exception. But if the motion in arrest of judgment and the exception to its denial should be held to open in this court the question of the propriety of the order of Judge Kavanagh on December 11, 1902, amending the record, and of that on June 20, 1903, vacating the order of dismissal by Judge Stein, and replacing the case on the docket, it would not help the appellant, for we think both the order of December 11, 1902, and June 20, 1903, were justifiable and proper on the appellant's own showing. It is plain that if the order amending the record was proper, the one setting aside the dismissal was. If a case is duly submitted to a judge of the Superior Court by stipulation, tried before him and taken by him under advisement, another order by another judge of that court on a call of his calendar, dismissing the case for want of prosecution, while the case is so held under advisement by the judge who tried it, ought plainly to be treated as a nullity, a pure accident or mistake in the record, to be rectified immediately on that record when the attention of the court is called to it. If any agreement or consent should be held necessary to confer jurisdiction on the court to do this after the term has gone by, it ought to be inferred judicially and incontrovertibly from the original agreement of submission, which placed the case wholly within the jurisdiction of the judge who tried it, until his decision. And we see no reason why the order amending the record to show the submission and trial, entered on December 11, 1902, was improper. The said motion was to amend the record by showing " proceedings omitted from said record through error and misprision." It is the rule (and is admitted by the appellant to be so) that where such an error or misprision has taken place, the record can be amended by the court even at a subsequent term, if there be any con-

temporaneous memorial paper or minute to amend by. Gebbie v. Mooney, 121 Ill. 255, 258.

In Howell et al. v. Morlan, 78 Ill. 162, the court says the best evidence possible would be the minutes of the judge made by himself. In the absence of such minutes we hardly know what better memorial paper there could be than a contemporaneous memorandum of the agreement of submission and notes of the testimony of the trial, which, although not in the judge's handwriting, had been practically made in his presence during the progress of the hearing, submitted to him jointly by both parties to the cause, and by him adopted, taken and used in the consideration of the cause as the minutes, memoranda and record from which he was to make his decision. They thus became his minutes as truly as though he had written them.

For the reasons herein set forth, the judgment will be affirmed.

*Affirmed.*