## Eugene McKay v. E. Prindle et al.

### Gen. No. 13,075.

1. REVIEW—*what essential to entitle appellant to.* A motion for a new trial and an exception thereto, among other things, are necessary, to the review of a judgment at law based upon a verdict rendered by a jury, and these must be shown by the bill of exceptions.

2. BILL OF EXCEPTIONS—*what should show with respect to instructions.* The bill of exceptions should show at whose instance the instructions complained of were given.

3. ABSTRACT—*what should show with respect to instructions.* The abstract filed upon appeal should set out all of the instructions which were asked and given in the trial court.

Action of *assumpsit.* Appeal from the Circuit Court of Cook

McKay v. Prindle.

county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in this court at the March · term, 1906.   Affirmed with damages. Opinion filed March 5, 1907.

M. L. THACKABERRY, for appellant.

ELA, GROVER & GRAVES, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

We think this appeal must have been taken for delay, for under the well-established rules of practice there is nothing for us to consider.  The plaintiffs below, the appellees here, secured a judgment of $250 in the Circuit Court on the verdict of a jury.  The claim sued on was for brokers' commissions in the exchange of real estate.

The assignment of errors is, that the court below admitted improper and rejected proper evidence, erred in giving and refusing instructions, erred in overruling a motion for a new trial, erred in overruling a motion in arrest of judgment, and erred in rendering judgment on the verdict.

But there is nothing stated by appellant in support of the last two alleged errors, and although he does insist in argument that evidence was improperly admitted and evidence improperly excluded, that instructions were improperly given and refused, that the verdict and judgment were against the weight of the evidence, and that a motion for a new trial should therefore have been granted, there is nothing of which we can take notice as showing that there was a motion for a new trial made, and no exceptions preserved to the giving or refusal of instructions.

No such things appear in the bill of exceptions, and that is the only place that we can look for them.

There is in the common law record, in connection with the order of judgment, a recital that a motion for a new trial was made by defendants and denied by the court, and after the judgment order it is recited that

thereupon "the defendant, having entered *his* exceptions, herein prays an appeal."

But it has frequently been decided by the Supreme and this court that this is not effective to raise the questions which the appellant here apparently desires us to pass on. The motion for a new trial, the ruling on it and all the exceptions must be preserved in the bill of exceptions. Moreover, the bill of exceptions must show at whose instance the instructions complained of were given, and the abstract must set out all the instructions—requirements which have all been ignored in this appeal. Of a great number of cases which might be cited to these statements we mention a very few. Firemen's Ins. Co. v. Peck, 126 Ill. 493-5; Harris v. The People, 130 Ill. 457; East St. Louis, etc., Co. v. Cauby, 148 Ill. 490; Grand Pacific Hotel Co. v. Pinkerton, 118 Ill. App. 89-92; Martin v. Railway Co., 220 Ill. 98; Roodhouse v. Christian, 158 Ill. 137; Thompson v. People, 192 Ill. 81; Harper v. Dixon, 70 Ill. App. 137.

The judgment of the Circuit Court is affirmed, with seventeen dollars and fifty cents damages.

*Affirmed with damages.*