. WILLIAM DARST

*v.*

T. E. KIRK.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. JURISDICTION—*rule as to parties conferring jurisdiction by consent.* The parties to an action at law, such as slander or trespass, over which a court of equity has no jurisdiction whatever, cannot, by consent or stipulation, confer jurisdiction upon such a court; but in an action at law arising out of a contract, where some equitable element, only, is lacking to give a court of equity jurisdiction, the parties may, by their acts or conduct, estop themselves to question such jurisdiction.

2. SAME—*when equity may take jurisdiction under stipulation.* Where the parties to an action of assumpsit growing out of a former partnership transaction between them and involving an inquiry into such partnership relation agree to transfer the case to the chancery side of the court, amend the pleadings and proceed under a bill for accounting and relief, they are bound by their stipulation and are estopped to raise the question of jurisdiction.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

BENJAMIN LEVERING, for appellant.

JOHAN WAAGE, (W. E. HUGHES, of counsel,) for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

The appellant and appellee, as partners, under the firm name of "The Rex Manufacturing Company," were engaged in business in the city of Chicago. In the year 1899 they organized a corporation by the same name of Rex Manufacturing Company, with a capital stock of two thousand shares of the par value of $100 each, seven hundred and fifty of which shares were issued to appellant, seven hundred and fifty to the appellee and five hundred to certain parties residing in Paducah, Kentucky, and the business formerly carried on by the partnership was turned over to the corporation. The shareholders in Kentucky thereafter becoming dissatisfied with the management of the corporation by the parties in charge thereof, the appellant and appellee, to adjust the matter, agreed with the Kentucky shareholders that the appellant should transfer to them all of the shares of capital stock of said corporation held by him and the appellee five hundred of the shares held by him; that appellant should retire from the company and that said Kentucky shareholders would pay to him $3000 in cash, $1200 of which he agreed to pay to appellee. The transfer of the stock was made by appellant and appellee and $3000 was paid to the appellant, and he having refused to pay said sum of $1200 to appellee, the appellee brought an action of assumpsit against him in the circuit court of Cook county to recover said sum of $1200. The appellant having been served with process entered his appearance in writing, and thereupon a stipulation was made between appellant and appellee that the cause should be transferred to the chancery side of the docket in said court, and that the pleadings theretofore filed in the assumpsit suit should be amended by filing a bill for an accounting and for relief instanter, and that the appearance of the appellant in the assumpsit suit should stand as his appearance to said bill. An amended bill was filed, whereupon the appellant demurred to the bill on the

ground that the appellee had an adequate remedy at law, and the demurrer having been overruled, the appellant filed an answer thereto, whereby, among other things, he averred that the appellee had an adequate remedy at law. A replication was filed and a trial was had in open court, and the court entered a decree against the appellant for the sum of $1200, which has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court, and the main ground urged in this court as a ground of reversal is that the appellee had an adequate remedy at law, and that for that reason a court of chancery was without jurisdiction to hear and determine this case.

The law is well settled that parties to a suit cannot ordinarily confer jurisdiction upon a court over the subject matter of a suit by stipulation or consent where by law the jurisdiction of the subject matter of the suit has been conferred upon another court. To illustrate: The parties to an action at law could not, by stipulation or consent, confer upon a court of chancery jurisdiction to try an action of trespass or slander, and in such case the decree of the court, if entered, would doubtless be a nullity, although the jurisdiction of the court passed unchallenged. There is, however, another class of cases, involving matters of contract and the like, which, while they do not come within the ordinary jurisdiction of a court of equity, yet only want some equitable element to bring them within such jurisdiction, and in such cases the defendant by his action may estop himself to afterward raise the question of jurisdiction in the trial or upon appeal. In both cases there is a want of jurisdiction. In the first there is a total want of power to hear and determine the case, and in the other the want of power is not absolute, but qualified. In the first class a stipulation or consent conferring jurisdiction would be void, while in the latter class it would be binding upon the parties. (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516.) In this case a partnership had existed between the appellant

and appellee, and while they had transferred the partnership property and business to the corporation organized by them under the name of the Rex Manufacturing Company, it does not appear that there had been a settlement of said partnership matters between them, and the stock for which the $3000 was received was stock of the corporation received in payment of the partnership business turned over to the corporation.

The settlement of partnership matters and the adjustment of partnership accounts are fruitful sources of litigation and fall within the jurisdiction of courts of equity. If the appellant had been brought into a court of chancery by the filing of a bill and the service of process to answer for non-payment of said $1200 in the first instance, there might have been some force in the position that he should have been sued for said sum of $1200 in an action at law; but he having been sued in an action at law and thereafter stipulated that the case should be transferred to the chancery side of the docket of the court where it was pending, and that the pleadings should be amended and the case should thereafter proceed as a chancery suit, in view of the fact that the subject matter of the suit grew out of a partnership matter, we think the suit should be held to fall within the second class of cases above referred to, and that this is a case in which jurisdiction may be conferred upon a court of chancery by the stipulation or consent of the parties, and that the appellant should be held to be estopped by said stipulation from raising the question of the want of jurisdiction in a court of chancery to hear and determine this cause. *City of Chicago* v. *Drexel,* 141 Ill. 89; *Mertens* v. *Roche,* 39 N. Y. App. Div. 398.

The other questions raised on this record are without merit and need not be discussed in this opinion.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*