CHICAGO & A. RY. CO. et al. v. PRESSED STEEL CAR CO.

(Circuit Court of Appeals, Seventh Circuit. April 10, 1917. Rehearing Denied May 24, 1917.)

No. 2339.

1. JUDGMENT ⬉570(5)—JUDGMENT AS BAR—MATTERS CONCLUDED.

A decree of dismissal in a suit to restrain an action at law for want of equity, on the ground that complainant has an adequate remedy at law, aside from cases involving title to or possession of land, is not a bar to any defense in the action at law.

2. APPEAL AND ERROR ⬉1008(2)—REVIEW—CASES TRIED TO COURT.

In an action at law involving the question of infringement of a patent, where there is no evidence of the prior art, and no extrinsic evidence is necessary to explain the respective structures, which, with their manner of operation, are plainly shown and described in patents covering the same, the question of infringement is one of law, and where the case is tried without a jury a general finding by the court is reviewable by the appellate court on writ of error.

3. PATENTS ⬉129—LICENSES—EFFECT AS ESTOPPEL.

In a suit upon a patent license contract, the prior art is not admissible, either to show the invalidity of the patent or to limit the prima facie scope of the claims, further than to make clear any ambiguities therein.

4. PATENTS ⬉328—INFRINGEMENT—CAR DOOR MECHANISM.

The Lindstrom & Streib patent, No. 791,348, for car door mechanism for closing and supporting the hinged doors of dump cars, claim 13, which is for car door mechanism having a lifting shaft arranged to support the door "directly" when the door is raised, held infringed by the device of the Christianson patent, No. 828.458, which is the mechanical equivalent of that of Lindstrom & Streib, and operates in the same way, except that, when the door is closed, it does not rest upon the shaft, but is held by a latch supported by the shaft.

5. PATENTS ⬉211(3)—LICENSES—EFFECT AS ESTOPPEL.

A patent conveys nothing but a negative right of exclusion, and the effect of a license thereunder as an estoppel does not depend on user by the licensee of the device licensed.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

---

Action at law by the Pressed Steel Car Company against the Chicago & Alton Railway Company and the Chicago & Alton Railroad Company. Trial to court, and judgment for plaintiff, and defendants bring error. Affirmed.

The case is thus stated by counsel for the railway companies, with slight changes:

"Plaintiffs in error (defendants in the District Court, and hereinafter called defendants) were sued by defendant in error (hereinafter called plaintiff) for $20,000 in royalties claimed to be due under a contract between defendants and plaintiff covering the construction and use of steel cars of the type known as general service cars with drop bottom doors for dumping, by which defendants had agreed to pay to plaintiff the sum of $10 'for each car hereafter built or caused to be built during the period of this contract by the railroad companies (except certain cars not here in controversy) containing any of the designs or devices covered by patents now owned or controlled by said car company.' Judgment was entered below in favor of plaintiff and against defendants for $20,000, with interest amounting to $6,308.31, a total of $26,308.31, and defendants bring the cause here by writ of error.

"The evidence shows that the defendants purchased from the Standard Steel Car Company 2,000 cars of the 'general service' type, the door-fastening appliance of which cars was constructed under the Christianson patent, No. 828,-458, owned by the Standard Company. The whole controversy between the plaintiff and the defendants centers upon the question as to whether the means for holding these doors closed is identical with the means provided for in the Lindstrom & Streib patent No. 791,348, owned and controlled by the plaintiff.

"There are other questions referred to in the evidence and raised below by counsel, but the gist of the case is the simple proposition stated in the last foregoing paragraph. The Lindstrom & Streib patent shows, describes, and claims as means for closing and supporting the hinged doors of dump cars a rotatable and bodily movable or creeping shaft arranged to roll laterally toward and under the doors and to support the doors directly, when raised, a lifting chain being connected at one end to the shaft and at the other end to the door, so that when the shaft is rotated to wind the chain the pull of the chain first raises the door and then pulls the shaft under the edge of the door whereby 'to support the door directly when the door is raised,' as recited in claim 13 of said patent.

"The defendants' car door mechanism comprises a rotatable shaft mounted in fixed bearings and having no bodily or lateral movement, to which one end of a lifting chain is connected, the other end of the chain being connected to a sliding bolt or latch mounted in ways on the door, so that when the shaft is rotated to wind the chain the pull of the chain first raises the door and then pulls the latch out over the shaft, whereby the door is supported indirectly upon the shaft through the medium of the latch. If these constructions are alike, and both covered by the Lindstrom & Streib patent, the plaintiff is entitled to its royalties. If they are different, the defendants are entitled to reversal of the judgment below.

"(1) Plaintiff contends that the defendants cannot present a defense to this suit, for the reason that all matters in controversy have been adjudicated by the judgment of this court [without opinion], affirming the order of the District Court in the case of Chicago & Alton Railroad Company v. Pressed Steel Car Company No. 2095 (referred to herein as the equity suit), the record in which is a physical exhibit in this case. (2) Plaintiff contends that the Lindstrom & Streib patent covers the mechanism used by the defendants in the cars in question. (3) Plaintiff contends that defendants cannot use the prior art to show the scope of the Lindstrom & Streib patent, notwithstanding plaintiff insisted on referring to the prior art to show the improvement thereover made by Lindstrom & Streib, and also insisted that it is entitled to invoke the doctrine of mechanical equivalents and to explain the scope of its claims in the light of the prior art. (4) Plaintiff contends that the general finding of fact in the decree leaves nothing for the court to review.

"(1) Defendants insist that the decree dismissing the equity suit for want

of equity did not in any manner adjudicate the claims in controversy in this lawsuit. (2) Defendants claim that the devices and mechanisms used on the cars in question do not employ the invention covered by the Lindstrom & Streib patent. (3) Defendants claim that, without reference to the prior art, it is clear that defendants' cars do not invade plaintiff's patent; but defendants contend that the testimony offered by the defendants with respect to the state of the art prior to the Lindstrom & Streib invention was competent and admissible to show what the patentees meant to claim and the government to allow, also to clear the ambiguity raised by plaintiff's claim that 'direct' means 'indirect,' and also to meet plaintiff's contention as to equivalents. (4) Defendants further claim that the general finding of fact contained in the judgment may be reviewed on this writ of error, because the questions presented are matters of law and not of fact."

The District Court held that the equity decree was not an adjudication of the suit, and that plaintiff was entitled to judgment. The equity record was struck out, as well as all evidence referring to the prior art. It further appears that on May 30, 1905, there was issued to the plaintiff, upon an application of Lindstrom & Streib, the patent above referred to, No. 791,348, for car door mechanism. Being the owner of this grant plaintiff made with defendants the contract in suit, dated November 1, 1905, in which it was agreed that defendants were licensed to use freight cars containing "the designs and devices covered by patents now owned and controlled * * *" by plaintiff, for a royalty of $10 per car. During the period covered by the contract defendants bought and used 2,000 cars equipped with the car door mechanism of the Christianson patent of August 14, 1906, No. 828,458, and refused to pay royalty on these cars upon the theory that they had not used the subject-matter of Lindstrom & Streib, and hence were not liable on their contract.

Charles C. Linthicum and John D. Black, both of Chicago, Ill., for plaintiffs in error.

Lewis H. Freedman and Alfred W. Kiddle, both of New York City, and Andrew R. Sheriff, of Chicago, Ill., for defendant in error.

Before MACK and EVANS, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge (after stating the facts as above). The questions presented are substantially as stated above, and may be thus restated: Is the equity decree, dismissing the bill for want of equity and because defendants therein (plaintiffs here) had an adequate remedy at law, an estoppel in this case, sufficient to support the judgment sought to be reviewed? Does the general finding of fact in the judgment prevent a review on this writ of error? Was proof of the prior art admissible either (1) because the Lindstrom & Streib patent refers to the prior art; or (2) because the words "arranged to support the door directly" in claim 13 are ambiguous; or (3) because there has been no user or enjoyment under the patent in suit, as claimed in the brief or amicus curiæ? Did defendants use the mechanism of the patent in suit, and should the judgment therefore be affirmed?

[1] 1. Is the equity decree an estoppel? The bill in equity was filed to restrain this suit at law because the contract was alleged fraudulent, that there was no contract, that it is unconscionable, and to avoid multiplicity of suits. The court held there was no fraud or imposition, and that the contract would not be set aside as improvident, or because there was apprehension of embarrassment or loss thereunder, and that as to the question of validity there was a full, adequate, and complete remedy at law by an action for royalty, such as this

one is. The suit was accordingly dismissed for want of equity. It is evident that the matters in dispute here were neither litigated in the equity suit, nor could have been. It is a general rule that a decree of dismissal in a suit to restrain an action at law is not an adjudication in the latter, because the very foundation of the equity decree is that the remedy at law is adequate and ample. Grand Pacific Hotel Co. v. Pinkerton, 118 Ill. App. 89; Id., 217 Ill. 61, 75 N. E. 427; Lundy v. Mason, 174 Ill. 505, 51 N. E. 614. Equity had no jurisdiction, and the bill was therefore dismissed. This was an affirmance of the right . to bring this suit, rather than a judgment disposing of it. Richards v. L. S. & M. S. R. Co., 124 Ill. 516, 16 N. E. 909. So the only question is whether defendant at law, by bringing suit in equity to restrain the former on the ground that he has an equitable defense not available at law, admits that he has no legal defense, and therefore tacitly confesses judgment in the suit at law. Such authority as has been found seems to show that a decree of dismissal in the equity suit, to the effect that complainant has an adequate remedy at law, is not a bar to any defense at law, which was not decided in equity, and could not have been there decided because the remedy at law was deemed adequate. Grand Pacific Hotel Co. v. Pinkerton, 118 Ill. App. 89; Id., 217 Ill. 61, 75 N. E. 427; Lundy v. Mason, 174 Ill. 505, 51 N. E. 614; Richards v. L. S. & M. S. R. Co., 124 Ill. 516, 16 N. E. 909. An examination of many cases of bills dismissed for adequate remedy at law discloses no trace of any practice requiring defendant in a bill to restrain a suit at law either to admit that he had no defense at law or to confess judgment at law, except a former practice in cases involving land titles. If a bill to restrain an ejectment suit on the ground of an equitable defense not available at law is filed, it has been held that complainant (defendant at law) must confess judgment in the ejectment suit, because otherwise, even if he failed, and the equity court sustained the legal title in defendant, the latter could not get possession without prosecuting his ejectment. Daniell's Chancery, 1624; Turner v. American Baptist Missionary Union, 5 McL. 344, 24 Fed. Cas. No. 14,251; Mathews v. Douglass, 1 Cooke (Tenn.) 136, Fed. Cas. No. 9,276; Trousdale v. Maxwell, 6 Lea (Tenn.) 161; Henry v. Tupper, 27 Vt. 518. One of the many cases where a bill was dismissed for adequate remedy at law, and the suit sought to be restrained was tried on its merits, is Grand Chute v. Winegar, 15 Wall. 355, 21 L. Ed. 170 (at law), and 15 Wall. 373, 21 L. Ed. 174 (in equity), an action on municipal bonds. Patterson v. Turner, 62 Ga. 674, and Ham v. Schuyler, 2 John. Ch. (N. Y.) 140, are directly in favor of defendants. The question is no longer of much importance since the act of 1915, allowing equitable defenses in actions at law. Section 274b, Judicial Code, U. S. Comp. Stats. § 1251b, 38 Stat. 956. The rule of practice referred to has not been applied to cases other than those involving land title or possession. Plaintiffs in error, therefore, did not admit liability in this suit by bringing the equity action, and the decree therein is not an estoppel in this proceeding.

[2] 2. Does the general finding prevent a review of the judgment? The case having been tried by the court pursuant to a written waiver

of jury trial, and the finding being a general one, no disputed question of fact is now subject to review. St. Louis v. Western Union Tel. Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044. If, therefore the question whether defendants used the Lindstrom & Streib invention on the 2,000 cars was one of fact the judgment must be affirmed. Infringement is sometimes a question of fact, of law, or mixed law and fact, depending entirely upon the condition of the proofs. In most cases the question is one of fact, and if the case is tried by jury it is error for the court to direct a peremptory verdict. Coupe v. Royer, 155 U. S. 565, 578, 15 Sup. Ct. 199, 39 L. Ed. 263, 268. But where no evidence of prior art, or extrinsic evidence to explain the respective structures, is necessary the question is one of law, and the trial judge is authorized to direct a verdict. Singer Mfg. Co. v. Cramer, 192 U. S. 265, 24 Sup. Ct. 291, 48 L. Ed. 437. We think this case is controlled by the latter decision. All evidence of the prior art was struck out, and the structures of the Lindstrom & Streib and Christianson patents are so plainly described and illustrated in the descriptions and drawings that no other proof is necessary to afford clear apprehension of their construction and mode of operation. The question of similarity of the two structures is therefore one of law, not foreclosed by the general finding.

[3] 3. Was the prior art admissible, and did defendants use the licensed structure? In this circuit it is settled law that in a suit upon a patent license contract the prior art is not admissible, either to limit the prima facie scope of the claims or to show their invalidity. This statement of the law is based upon the principle of estoppel by contract; estoppel by deed or writing, not by conduct. Siemens-Halske Elec. Co. v. Duncan Elec. Co., 142 Fed. 157, 73 C. C. A. 375. The rule in this circuit was first stated in 1886 by Judge Blodgett, in Pope Mfg. Co. v. Owsley (C. C.) 27 Fed. 100, and the latest case in this court is Indiana Mfg. Co. v. J. I. Case Threshing Machine Co., 154 Fed. 365, 83 C. C. A. 343, although others recognize the rule, such as Macey Co. v. Globe-Wernicke Co., 180 Fed. 401, 103 C. C. A. 547. There is an exception to the rule where the claim relied on is ambiguous on its face, explained by Judge Baker in the Siemens-Halske Case:

"In our judgment the reason of the case leads to the conclusion that, between contracting parties extraneous evidence is inadmissible if there is no ambiguity or uncertainty in the language of the description and claims, and that, if there is uncertainty, outside evidence is admissible only to make clear what the applicant meant to claim and the government to allow, and not for the purpose of showing even in the slightest degree that the applicant had no right to claim and that the government was improvident in allowing what was in fact claimed and allowed."

[4] Both parties insist that there is no ambiguity, but each construes the claims differently. Claim 13, chiefly relied on, reads:

"Car door mechanism having a lifting shaft arranged to support the door directly when the door is raised, and a flexible connection between the shaft and door."

It is insisted by defendants that the use of the word "directly" clearly means that the door support must be immediately beneath it, while

in the Christianson patent the shaft directly supports a latch attached to the door, thus indirectly supporting the door. Defendants further claim that plaintiff has introduced uncertainty by asserting that claim 13 means just the same as if the word were omitted, or "indirectly" substituted. So it is claimed that the prior art is admissible to clear up an ambiguity having no real existence, dwelling only in the imagination of defendants' counsel. For better understanding the designs of the two patents, Lindstrom & Streib and Christianson, are here introduced.

### LINDSTROM & STREIB.

### CHRISTIANSON.

It will be seen that in one the shaft *5* slides or creeps back and forth as the door lowers and raises, and when the door is closed is beneath the shoe *15*, which is rigidly attached to the under edge of the door. In the other the shaft is immovable, and supports the sliding or creeping latch *2*. In one the shaft moves back and forth and in the other the latch, so if it were not for the word "directly" in claim 13 there would be no difficulty whatever in concluding that the two devices are absolute mechanical equivalents.

The prior art which was offered, and later struck from the record, is claimed to show the following:

"1. Door supported by the winding or lifting chains, as represented in Lipschutz, No. 750,670.

"2. Doors supported by the lifting shaft through intermediate means connecting the shaft and the doors, as represented in Simonton, 616,811, Simonton, 666,160, and Bellows, 693,218.

"3. Doors supported by bolts or latches operated by means other than the winding shaft, as represented in Simons, 534,584, Campbell et al., 598,136, Hager, 674,357, Hanson, 720,245, and Swanson, 727,487.

"4. Doors supported by bolts or latches operated by the winding shaft or chain as represented in Bellows, 644,890, and in the defendant's construction built under Christianson, 828,458.

"5. Doors supported directly by the shaft, as represented in Becker, 763,841, in Caswell, 806,394, and in the Lindstrom & Streib patent in suit."

These prior patents, it is said, show why the word "directly" was used in claim 13, to distinguish between the fourth and fifth types, and limit the claim to those constructions in which the shaft supports the door without the use of any medium, such as the latch. Therefore, it is insisted, the claim is clear, and excludes defendants' construction; but, if by any possibility the word introduces uncertainty, the prior art clears it up, and shows that defendants did not use the Lindstrom & Streib conception.

The technical force of this argument is evident, but we think, since the validity of the claim is necessarily conceded, absolutely unlimited in its prima facie scope by the prior art, the two constructions must be regarded as equivalent in all respects. One slides the support and the other the thing supported, obviously a mere mechanical interchange; as defendants' counsel said (in another connection), the two are twin brothers. The purpose of Lindstrom & Streib was to securely support a car bottom door by means of the shaft used to open and close the door. This means and operation are admittedly novel and useful, without any anticipation whatever. The estoppel supplies all these elements. In this situation it is plain that defendants use like means and operation and get the same result.

[5] An interesting brief, very carefully prepared, was by leave of court filed by George Adams Ellis as amicus curiæ. Stated very briefly, his argument is that because defendants have never entered into possession or made use of the Lindstrom & Streib patent, or of the designs and devices covered thereby, there is no estoppel. The argument depends on the assumption that licenses of real estate and patent rights, and the principles of estoppel in real estate and patent cases, are

entirely similar, the estoppel in each depending on actual use of the thing licensed. Since we think that real estate and patent transfers stand on different grounds, a synopsis of the argument would hardly be justified here.

As already stated, estoppel by patent license is by deed, and does not depend on user of the device licensed. It is most clearly shown, in plaintiff's brief in reply to Mr. Ellis, that a patent conveys nothing but a negative right of exclusion. It is the right to exclude others, but not the natural right to make, use, and sell, which the patentee obtains from his general ownership of the materials employed, not from the government. So the licensee does not obtain this right to make, use, and sell from the license, but only immunity from suit by the licensor. Paper Bag Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122; Hartman v. John D. Park & Sons (C. C.) 145 Fed. 358, 364. A license passes nothing, but only makes something lawful which would have been unlawful without it. Even a patent assignment creates merely an immunity, and the right to exclude others. Hence a licensee under a patent does not enter into or use any property transferred, so that real estate and patent licenses are in this respect properly distinguished.

The fact, therefore, that defendants never intentionally used the Lindstrom & Streib devices, and made no use of that licensed invention other than by the purchase and use of the cars in suit, is, we think, of no materiality in the case.

The judgment is affirmed.